John D. Bennett, S.
This court has before it four motions made by various attorneys in this proceeding in a commendable attempt to straighten out the confusion which has arisen herein. Such confusion has been brought about in part by the administrator d. b. n., who has made a sudden reversal of policy which is hereinafter set forth. However, as he stated in open court, no one can compel him to sue someone he does not want to sue, and the court must accept his decision on that point.
To understand what is involved in the' present motions, it is necessary to review a part of the lengthy litigation which has taken place both in this and other courts.'
*571 During his lifetime certain .stock: was .transferred from the decedent to his wife. At his death she became .administratrix of his estate, and she did not account for such stock.
An action was brought in the Supreme Court, Nassau County, to set aside this transfer of stock. That court determined that the signatures thereon were forgeries, and directed the widow to turn the stock over to the estate.
This court directed the widow to account for such stock and upon her failure to do so, surcharged her for the value of the stock. She was also removed as administratrix. A proceeding was started against the surety on her bond, and such surety called the court’s attention to the fact that it had not been made a party to the accounting proceeding. The court thereupon reopened the accounting proceeding which had surcharged the widow only for the purpose of allowing the surety to appear therein and assert anything it desired. That proceeding is still pending before this court and is undisposed of.
Meanwhile, suit was brought in the Supreme Court against Parrish & Co., who were guarantors of the genuineness of the signature on the stock transfer. That proceeding has been transferred to this court and consolidated with the pending proceedings. As this court understands it, Parrish & Co. do not dispute that the signatures were forgeries, nor that they arc liable for any loss occasioned thereby. The only issue is whether the forged signatures were the cause of loss to the estate.
To fully appreciate the position taken by Parrish & Co., it is necessary to go back to the litigation in the Supreme Court which determined that the transfer was invalid. At the time of that action, the surety on the widow’s bond induced the widow to turn over the stock in dispute to her attorneys in the accounting proceedings. During the course of the trial in the Supreme Court, inquiry was made as to the whereabouts of this stock, and this court is informed that the attorneys stated to the court that they were holding the stock and would continue to hold it until a determination by that court as to the validity of the transfer. This court is further informed that said attorneys did not hold said stock until the determination of the validity of the transfer, but did in fact return it to the widow during the litigation. The court is also informed that the widow has left this State, and has disposed of the stock. The contention of Parrish & Co. is that the cause of the loss to the estate is not the forged signatures but the return of the stock to the widow by the surety company and the attorneys at the time when the validity of the transfer to her was being litigated.
*572 Sufficient merit appeared in this contention for this court, on the application of Parrish & Co. and the administrator d. b. n., to permit the bringing in to this proceeding of the attorneys and to allow the assertion against them and against the surety, in addition to its contract liability, of a claim arising from their turnover of the stock to the widow. Now the administrator d. b. n. has changed his position and refuses to assert any claim against the attorneys or against the surety, other than its contract liability. The court must recognize his position and eliminate the attorneys and the surety, other than on its contract liability, from this proceeding.
This does not change the position of Parrish & Co. in asserting that it was the conduct of the attorneys and the surety company which occasioned the loss to the estate. If they can establish by competent evidence that their guarantee of the forged signatures did not cause loss to the estate, the action, against them for damages will have to be dismissed. The only effect of the action by the administrator d. b. n. will be to prevent him from recovering from the attorneys and the surety for their action in turning over the stock to the widow, when they knew her right thereto was in litigation and they had stated in open court that they were holding the stock until the termination of the litigation.
This brings us to the four motions now before this court for determination. One of these motions is by the surety company •to strike out portions of the second affirmative defense set forth in the amended answer. Another motion is by the attorneys in the original accounting proceeding to vacate the order of this court dated January 9,1961. In view of the position now taken by the administrator d. b. n. both of these motions must be granted, without costs or disbursements to any of the parties herein.
The third motion is by the attorneys for Parrish & Co. to strike out a reply by the administrator d. b. n. or portions thereof. The court has examined this reply and finds it replete with conclusions of law, redundant repetitions of matters alleged in the complaint, and new allegations which in effect amend the complaint. The court therefore grants the motion to strike out the reply, without costs and disbursements to any party, and grants the administrator d. b. n. the right to serve and file an amended reply within two weeks of the date of this decision which amended reply, if served, should be limited to replying to the new matter set forth in the amended' answer, without legal conclusions or - repetition of matters already in the complaint.
*573 The fourth motion is by the administrator d. b. n, to preclude all further motions or intermediate proceedings by the defendant Parrish & Co. and any other party herein. Obviously, no such order can be made which would deprive any of the parties hereto of their legal rights. The motion goes on to request that the action be brought on for a hearing before March 11, 1961. This is not possible because of the time allowed the administrator d. b. n. to correct his reply. After that time has expired, any party hereto may bring a motion to fix a date for the hearing. This motion is denied, without costs or disbursements to any party.
Settle separate orders on these four motions on five days’ notice, with three additional days if service is made by mail.