John D. Bennett, S.
This is a motion for summary judgment in an action brought in the Supreme Court, Nassau County, by the administrator d. b. n. against Parrish & Co., which action was transferred to this court and consolidated with the accounting of the administratrix pending herein. It is the culmination of extensive litigation in this and other courts arising from the following facts:
During the lifetime of the decedent, certain stock was transferred from his name to that of his wife. After his death the wife was appointed administratrix of his estate. One of the other distributees claimed that the purported signature on the transferred stock was a forgery, and that the stock was properly an asset of this estate.
Besides this action, in which summary judgment is now sought, there were two other actions brought in the Supreme Court, Nassau County, which were concluded in that court. One was an action brought by the administratrix individually against a Mr. Sutterland for libel, based upon a letter sent by him to the surety company on the bond of the administratrix setting forth certain details about this stock transaction. That action terminated in judgment for the defendant. The second was an action by the administrator d. b. n. against the former administratrix to compel the turning over of the stock in question to him. This resulted in an order of the Supreme Court directing the turning over of the stock as requested. The stock was not turned over to the estate, and in the accounting of the administratrix she was surcharged for the value thereof. That proceeding is final as to the administratrix as she defaulted and, the court is informed, has now left this jurisdiction. It is open, however, as to the surety company on her bond as that company was not made a party to the proceeding.
The present proceeding was commenced in the Supreme Court, Nassau County, against Parrish & Co., the guarantors of the genuineness of the signature of the decedent on the stock, for damages incurred by the estate by reason of their guarantee of the forged signature. It was transferred to this court and consolidated with the accounting proceeding herein. Certain preliminary motions were made and determined.
For the sake of brevity, this court incorporates herein its decisions of November 1, 1960, December 21, 1960 and March 7, 1961 [see 28 Misc 2d 570] by reference to the same extent as if *796 set out in full, with the following correction: In the decision of November 1,1960, this court recites certain incidents occurring in the Supreme Court, Nassau County, and states that they took place in the action to compel the transfer of the stock. After the release of that decision, counsel for both parties in this action informed this court that, while the incidents referred to did occur as stated, such events took place in the action for libel and not in the action to compel the transfer of the stock. The decision of November 1, 1960, is herein corrected on that point.
The motion for summary judgment now before this court appears to be the proper procedure to obtain an adjudication of the pending issues as there is no dispute as to the facts. The parties have filed an admission of facts covering all but one matter. As to that, the administrator d. b. n. states that he has no personal knowledge but concedes that if the party with knowledge was called as a witness, he could testify as stated by the defendant. There is presented, however, an unusual question of law which has been further complicated by the preliminary steps taken by the parties to this proceeding. To understand the issues then presented, it is necessary to examine the position taken by Parrish & Co., in some detail.
Parrish & Co., as guarantors of the signature of the testator, do not dispute that the signature is a forgery, nor do they deny that they are liable to the estate for any damages which the estate suffered by reason of the fact that the signature was forged. They do assert, however, that the loss incurred by the estate was not the result of the transfer of the stock to the widow on the forged signature, but was the result of certain intervening acts of other persons, for which they are not liable.
"When it came to tíre attention of the surety company on the administratrix’s bond that a claim was being made that certain stock held by her individually was properly an asset of the estate, the surety company had the widow administratrix turn over to a firm of attorneys the stock in dispute, and these attorneys agreed to hold such stock in escrow until the ownership of the same was determined. Before such a determination was made, the firm of attorneys returned the stock in question to the widow so that when the decision of the Supreme Court, Nassau County, was made determining that the stock belonged to the estate and directing its turnover, they no longer had possession of the stock and could not produce it. Parrish & Co. now assert that this action on the part of the escrow holders of the disputed stock was the cause of the loss to the estate and not the forgery of the signature and for that reason they are released of liability.
*797 It is not claimed by the defendant that the attorneys were under any legal duty to hold the stock in escrow, and their status in so doing was undoubtedly that of a volunteer. However, a person performing an act as volunteer is under a duty to use reasonable care and may be liable in tort for his failure so to do.
1 ‘ A duty, not owed, may voluntarily be assumed. One who assumes to act, even though gratuitously, may thereby become subject to the duty of acting carefully, if he acts at all.” (1 Shearman and Redfield, Negligence [rev. ed.], p. 15, § 8.) “A duty voluntarily assumed, cannot be carelessly abandoned without incurring liability for injury resulting from the abandonment.” (Louisville Cooperage Co. v. Lawrence, 313 Ky. 75, 78, citing text quoted above.)
The court finds that the attorneys who volunteered to hold the stock in escrow until its ownership was determined, failed to use reasonable care when they returned the stock to the widow administratrix before the ownership of such stock was determined.
At this point it is necessary to review the preliminary motions in this proceeding. The defendant moved to bring in the surety company and the firm of attorneys holding the stock in escrow as parties to this action. In the original motion, the plaintiff administrator d. h. n. joined and these parties were so brought in. Subsequently, for some unexplained reason, the administrator d. 6. n. had a change of heart and insisted that these parties be dropped. In fact, he asserted in open court that this court could not compel him to proceed against the surety company in this capacity, and the attorneys, if he did not so desire. This statement is undoubtedly true, but it now prevents this court from granting any relief against these parties based on the finding of lack of reasonable care.
The finding is necessary, however, because the court has before it the question of the liability of Parrish & Co., as guarantors of the decedent’s signature, and must determine if such guarantee is the cause of the loss to the estate, or whether the cause of the loss is the acts of the attorneys and surety company which relieve the defendant of liability. In other words, was the conduct of the attorneys an intervening and superseding cause of the loss suffered by the estate?
“ When it is determined that a defendant is relieved of liability by reason of intervening cause, it would appear to mean simply that the negligent conduct of someone else — and not that of defendant — is the proximate cause of the event.” (1 Shearman and Redfield, Negligence [rev. ed.], p. 100, § 37.) *798 “ An efficient, intervening cause, in order to stand as the responsible cause of the ultimate result, must be a new and independent force or agency breaking the chain of causal connection between the original wrong and that result ” (p. 102, § 38).
There is no doubt that the holding of the stock by the attorneys in escrow was a new and independent force that was in no way connected with the guarantors of the testator’s signature. The loss here was not caused by the false signature, but by the failure of the attorneys and the surety company to carry out the terms of the escrow agreement. This intervening cause relieved the defendant, Parrish & Co., from any liability.
The motion for summary judgment by the defendant, Parrish & Co., is granted, and the complaint against them is dismissed on the merits without costs and disbursements to either party.
During the course of this litigation, an application was made by the attorney, who is the administrator d. b. n. to fix the fee for his services in this estate, which application is still pending. Since such application appears based upon a successful recovery against Parrish & Co., the application is dismissed, without costs or disbursements to any party, and without prejudice to renewal subsequently by the applicant if he so desires.
This leaves before the court a pending accounting proceeding in which the former administratrix has been surcharged, and which has been reopened to allow the surety company to be made a party thereto and to submit any pleadings it may desire. Such surety company is directed to interpose any such pleading or make any motion in the pending proceeding within six weeks after service upon it of the order to be made herein.