William R. Brennan, Jr., J.
This is a motion by the defendants the Franklin National Bank of Long Island and Twentieth Century Fox Film Corporation to dismiss the complaint upon the grounds (1) that “ the allegations in the complaint have been the subject of judgment * * * on the merits between the parties or their privies ” (Rules Civ. Prac., rule 107, subd. 4), and (2) that the Statute of Limitations has expired (Rules Civ. Prac., rule 107, subd. 5).
*1033 The motion is denied as to the first ground and granted as to the second.
The complaint and affidavits present an interesting and involved situation. On July 7, 1955, Herbert T. Kerrigan was the owner of shares of stock of these three defendant corporations registered in his own name. On that date a purported transfer thereof was made to Herbert T. Kerrigan and Margaret Y. Kerrigan, with right of survivorship. His signature on the appropriate assignments was guaranteed by Parrish & Co., a member of the New York Stock Exchange. Less than three weeks thereafter, on July 25,1955, he died intestate leaving him surviving said Margaret Y. Kerrigan, his second wife (whom he had married on December 2, 1953, following the death of his first wife) and a daughter by his first marriage, Lucille Sutherland.
Ownership of the shares vested in the second wife upon Kerrigan’s death. She was also granted letters of administration of his estate and she subsequently filed an accounting in which, of course, she did not account for the stock (Matter of Kerrigan, 28 Misc 2d 570, 571). Following this, by judgment granted July 1, 1958, this court determined that the signatures of the decedent upon the assignments and transfers of the several certificates of stock made on or about July 7,1955 were forgeries and directed that the transfers from the decedent to Herbert T. Kerrigan and Margaret Y. Kerrigan in July, 1955, be vacated and set aside. The widow was directed to transfer the shares of stock (valued at $25,932) or the proceeds of their sale to the estate of Herbert T. Kerrigan. Thereafter, the widow was directed by the Surrogate’s Court to account for the value of the stock and she was removed as administratrix (supra, p. 571). She has long since departed the jurisdiction leaving a trail of litigation behind her.
The present plaintiff is the administrator de bonis non of Kerrigan’s estate to whom letters were granted on December 24, 1958. Since his appointment he has been trying to recover the value of the corporate stock transferred in reliance on the forged assignments. In an action brought in this court he sought to recover damages from Parrish & Co., which guaranteed the decedent’s forged signatures on the stock certificates. The action was eventually transferred to the Surrogate’s Court which by order made August 14,1961 granted summary judgment in favor of Parrish ■& Co. and dismissed the complaint. It is this determination upon which the moving defendants rely for dismissal upon grounds of prior adjudication.
*1034 In the first place, that action is still in litigation, since an appeal has been prosecuted to the Appellate Division from the Surrogate’s order. Furthermore, the issues resolved by the Surrogate involving Parrish & Co., do not necessarily embrace a determination of the issues affecting the liability of the moving defendants who were not parties to the proceedings in the Surrogate’s Court.
In any event, it is unnecessary to explore this avenue of attack and the differences in the theories of the proceedings against Parrish & Co., from those in the instant case, since the attack invoking the bar of statutory limitation is good against the present complaint.
The complaint at bar recites the facts relating to the forgeries and to the transfers of the shares thereupon made by the defendants. It is then alleged that “ The defendants committed the tort of conversion of the aforesaid shares of stock * * * and illegally transferred the said shares of stock from the said Herbert T. Kerrigan.” The complaint clearly rests upon the theory of a conversion (cf. United States Fid. & Guar. Co. v. Newburger, 263 N. Y. 16; Pierpoint v. Hoyt, 260 N. Y. 26; Mohr v. Penney Co., 242 App. Div. 385, aifd. 270 N. Y. 606). Section 49 of the Civil Practice Act, a three-year statute, clearly applies. (Guild v. Hopkins, 271 App. Div. 234, 244, affd. 297 N. Y. 477.)
Although the plaintiff in his affidavit makes charges of fraud in an effort to bring his complaint within section 48 of the Civil Practice Act, the complaint contains no allegations of fraud on the part of any of the defendants, nor, indeed, is it likely that any such claim could be sustained since it is apparent from a recital of the facts that the transfer agents of each of the defendants relied upon the guarantee of signatures given by Parrish & Co., and had no knowledge (or notice sufficient to constitute knowledge) that the signatures were forgeries.
The plaintiff also argues that since he was not appointed administrator until December 24, 1958, the applicable statute did not begin to run until then. It is significant that he cites no authority for this proposition, nor for his suggestion that the appointment of his predecessor, the defaulting widow, must be disregarded in computing time. ‘ ‘ The Legislature determines under what circumstances the time limited by statute for commencing an action shall be suspended. The courts construe provisions made by the Legislature creating exceptions or interruptions to the running of the time limited by statute in which an action may be begun. They may not themselves create such exceptions.” (Mack v. Mendels, 249 N. Y. 356, 358-359.)
*1035 Compare Levy v. Newman (130 N. Y. 11, 14), stating: “It is a general rule that statutes limiting the time in which * * * rights shall be enforced, are applicable to persons under disabilities, unless expressly excepted.” (See, also, Cockshaw v. Guaranty Trust Co., 282 App. Div. 688, and 308 N. Y. 656.)
Since there is no statutory exception to the application of section 49 of the Civil Practice Act the moving defendants’ objections are sustained.