■ CARMEN V. D'APRILE, Also Known as CARMINA V. MOREHOUSE, Respondent, v JOANNE E. BLYTHE, Appellant.—Order unanimously affirmed, without costs. Memorandum: In Appeal No. 1 plaintiff daughter appeals from judgment after trial which dismissed her complaint in an action against defendant mother which complaint alleged three causes of action, viz., an action pursuant to article 15 of the Real Property Actions and Proceedings Law claiming an interest in real and personal property; an action for reformation of a deed which conveyed the subject property to defendant mother; and an action for imposition of a trust of the subject property. Defendant mother by her answer denying the material allegations of the complaint interposed a counterclaim seeking a partition of the subject property and an accounting. Neither the trial court's memorandum decision nor the judgment entered thereon contained any dispositional reference to the mother's counterclaim; nor did defendant mother appeal from said judgment. In Appeal No. 2 the daughter appeals from an order which denied her motion pursuant to CPLR 3211 (subd [a], par 5) or, in the alternative, pursuant to CPLR 3211 (subd [a], par 4) to dismiss the complaint in the separate action commenced by the mother seeking partition of the subject real property subsequent to the entry of judgment in Appeal No. 1. In view of the conflicting testimony adduced at trial in Appeal No. 1, the resolution of which necessarily rested upon credibility, it cannot be said that the trial court's factual determinations and conclusions that plaintiff daugh-

ter failed to sustain her burden of proof on the causes of action asserted in her complaint were either without sustainable basis or against the weight of the evidence. Nor did the trial court err in denying the plaintiff daughter's request to impress a constructive trust. The trial court's finding of the absence of any "agreement" between the parties embodying an implied or express agreement or promise, together with the mother daughter relationship, upon which to impose a constructive trust of the subject property was proper. The touchstone for the invocation of a judicially imposed constructive trust is the "conjoinder" of the confidential relationship and promise resulting in unjust enrichment *(Sinclair v Purdy,* 235 NY 245, 253). Absent a predicate promise, express or implied, equitable relief sought by plaintiff daughter cannot be sustained. Such factual determination by the trial court is amply supported by the record and defeats plaintiff daughter's contention raised in Appeal No. 1. Nor, in Appeal No. 2 was Special Term's order improper in denying defendant daughter's motion to dismiss plaintiff mother's complaint for partition of the subject real property on the grounds of *res judicata,* based upon the judgment in Appeal No. 1, or, alternatively, on the ground that there is pending between the parties the same cause of action by virtue of the undisposed appeal in Appeal No. 1. The Court of Appeals in *Sielcken-Schwarz v American Factors* (265 NY 239, 244) in its decision on a comparable motion for dismissal on the grounds of *res judicata* pursuant to subdivision 5 of former rule 107 of the Rules of Civil Practice (now embodied in CPLR 3211 (subd [a], par 5) stated: "a complaint may not be dismissed upon motion under subdivision 5 of rule 107 unless the *cause of action* alleged in the complaint has been determined by a prior *judgment* in another action. Where the prior judgment merely creates an estoppel limited to points actually decided in that action, but leaves open other issues which might be raised in the second action, there can be no dismissal under that subdivision." The judgment entered in Appeal No. 1 contains no determinative provision concerning the mother's counterclaim for partition and accounting. While evidence may well have been presented at the trial in Appeal No. 1 bearing upon the issue, it is patently clear that the judgment entered in said action, containing no resolution or disposition of the mother's counterclaim, cannot be asserted as *res judicata* in the mother's second action. In the present posture the judgment in Appeal No. 1, in view of the trial court's apparent oversight in failing to make a determinative disposition of the mother's counterclaim, constitutes at most a nonsuit of the mother's claim which accords no basis for a CPLR 3211 (subd [a], par 5) dismissal in Appeal No. 2 *(Honsinger v Union Carriage & Gear Co.,* 175 NY 229). Nor did Special Term err in denying the daughter's dismissal motion on the alternative ground under CPLR 3211 (subd [a], par 4) that another action was pending between the same parties for the same cause of action. It may well be that under certain circumstances not here present, that, when an appeal is taken from a judgment entered in an action, the action may be deemed still pending until appellate resolution *(Friedman v Long Is. R. R. Co.,* 273 App Div 786; *Fleckenstein v Franklin Nat. Bank of Long Is.,* 32 Misc 2d 1032). However, here the mother's counterclaim asserted in Appeal No. 1, from which judgment an appeal was taken only by the daughter from the adverse determination, was no longer viable by virtue of the mother's failure to vacate or cross-appeal from the judgment which made no disposition of her claim. As a consequence, neither dismissal of the mother's complaint in Appeal No. 2 on the asserted grounds that another action was pending between the parties can be sustained, nor would

any other discretionary order accorded under CPLR 3211 (subd [a], par 5) be warranted. (Appeal from order of Livingston Supreme Court—dismiss complaint.) Present—Cardamone, J. P., Mahoney, Dillon and Goldman, JJ.