■ JOANNE D. THOMAS, Appellant, v CARMEN D. MOREHOUSE, Respondent.—Judgment unanimously affirmed, without costs. Same memorandum as in *D'Aprile v Blythe* (53 AD2d 1059). (Appeal from judgment of Livingston Supreme Court—Real Property Actions.) Present—Cardamone, J. P., Mahoney, Dillon and Goldman, JJ.

■ ANTHONY J. PATANE, Doing Business as HAWK COMPANY, Respondent, v RELIANCE INSURANCE COMPANY, Appellant.—Order unanimously reversed, with costs, and motion granted in accordance with the following memorandum: After a fire at his business premises, plaintiff commenced this action to recover upon a policy of insurance issued by defendant. At the examination before trial defendant questioned plaintiff about the financial condition of his company and requested the production of certain business records. Plaintiff refused to answer the questions or produce the records. Defendant's motion, pursuant to CPLR 3111, for an order directing plaintiff to furnish the information was denied. In *Carciofolo v United States Fire Ins. Co.* (38 AD2d 672) we stated that evidence relating to the plaintiff's financial status before the fire had "probative force regarding the issue of defendants' claim of motive, or lack thereof, on the charge of incendiarism". Similar evidence may be of equal probative force on the trial of this action in view of defendant's assertion that plaintiff's involvement in the burning of the building is at issue. Inasmuch as the purpose of disclosure is to assist trial preparation "by sharpening the issues and reducing delay and prolixity" *(Allen v Crowell-Collier Pub. Co.,* 21 NY2d 403, 406), Special Term should have granted defendant's motion to the extent that the information sought is within plaintiff's possession or control (CPLR 3111). (Appeal from order of Oneida Supreme Court—examination before trial, discovery.) Present—Cardamone, J. P., Mahoney, Dillon, Goldman and Witmer, JJ.