Donald H. Miller, J.
The underlying action was commenced to recover on a policy of fire insurance issued by the defendant. The company has interposed three affirmative defenses alleging that plaintiff has no insurable interest, that he caused or procured the fire, and that he made false and fraudulent statements in support of his claim. Plaintiff’s examination before trial was then conducted on February 23, 1977; however, plaintiff refused to answer several questions despite the usual preliminary stipulation that all objections would be reserved. The defendant now moves for an order pursuant to CPLR 3126 (subd 2) prohibiting plaintiff from opposing the affirmative defenses or, in the alternative, for an order pursuant to CPLR 3124 compelling plaintiff to reappear at another examination before trial at his own expense.*
plaintiff’s financial status at time of the fire
Plaintiffs financial status is obviously relevant in determining whether he had a motive to destroy the property. In Carciofolo v U. S. Fire Ins. Co. (38 AD2d 672), the Fourth Department held that evidence relating to the defendant’s prefire financial status had "probative force regarding the issue of defendants’ claim of motive, or lack thereof, on the charge of incendiarism”. Inasmuch as the purpose of disclosure is to assist trial preparation by sharpening the issues and reducing delay in prolixity (Allen v Crowell-Collier Pub. Co., 21 NY2d 403, 406) the Appellate Division has subsequently extended this rule to pretrial discovery proceedings. (Patane v Reliance Ins. Co., 53 AD2d 1061.) Under this rule the defendant’s inquiry concerning plaintiffs income, indebtedness, etc., was proper insofar as these inquiries were directed to his financial status at the time of the fire.
*947 PRIOR INSURANCE COVERAGE
During the examination before trial the plaintiff was interrogated concerning prior insurance coverage on the subject property. Plaintiff contends that the circuity of this inquiry was improper and sought to limit defense counsel to asking only the ultimate question: Did plaintiff increase the coverage prior to the fire?
CPLR 3113 (subd [c]) states that the examination and cross-examination of deponent shall proceed in the same manner as an examination during trial. This provision is based upon rule 129-a of the Rules of Civil Practice which provided that a party whose testimony was being taken by deposition may be cross-examined as upon trial by an adverse party. Thus, a party’s pretrial examination of an adverse witness will be governed by the rules applicable to cross-examination generally.
Although cross-examination may not extend to collateral matters (Richardson, Evidence, § 490), the court knows of no rule limiting an examiner to ultimate questions. (See 1 Bender’s New York Law and Proof, § 27.02.) Indeed, the value of cross-examination would be largely diminished if this were the rule. The defendant should therefore have been given a reasonable opportunity to explore the nature and extent of plaintiffs prior insurance coverage on the mobile home.
plaintiff’s activities before and after the loss
In an action to recover on a policy of fire insurance, the defendant may demonstrate by circumstantial evidence that plaintiff caused or procured the loss in question. (Clover Crest Stock Farm v New York Cent. Mut. Fire Ins. Co., 189 App Div 548; cf. Carciofolo v U. S. Fire Ins. Co., 38 AD2d 672, supra.) Preliminary inquiry into these matters is therefore proper in an examination before trial. (Patane v Reliance Ins. Co., 53 AD2d 1061, supra.) Nonetheless, plaintiff refused to indicate whether he ever discussed burning his house with anyone prior to the fire, claiming that such an inquiry violated his privilege against self incrimination.
CPLR 3101 (subd [b]) exempts “privileged matter” from disclosure, including subjects embraced by the constitutional privilege against self incrimination. (See Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 3101:25, p 29; 3A Weinstein-Korn-Miller, NY Civ Prac, par *948 3101.38.) However, the New York courts will not permit a party who places the legality of his conduct in issue to unfairly prejudice his adversary by asserting the privilege: "Since the sole purpose of this privilege is to shield a witness against the incriminating effects of his testimony, the courts will not permit its use as a weapon to unfairly prejudice his adversary. (See Levine v. Bornstein, 6 N Y 2d 892; Brown v. United States, 356 U. S. 148, 155-156.) In the Levine case (6 N Y 2d 892, supra), the privilege was invoked by a plaintiff at an examination before trial in a civil suit, with the effect of depriving the defendant of information necessary to his defense. For this reason, our court upheld an order dismissing the complaint.” (Steinbrecher v Wapnick, 24 NY2d 354, 362-363.)
Thus, while the privilege will attach to nonparty witnesses and to defendants involuntarily before the court, it may not be asserted by plaintiffs who seek affirmative relief.
Judged by these standards, plaintiff’s refusal to testify was inexcusable. Accordingly, further proceedings in this action shall be stayed until plaintiff attends another examination before trial to be held at the offices of Bouck, Holloway & Kiernan on a mutually agreed date. (CPLR 3126.)

 Plaintiff has submitted neither evidentiary proof nor legal authority in opposition to this application.