■ DEBORAH MEIER, Appellant, v FREDERICK J. MEIER, Respondent.— Judgment, Supreme Court, New York County, entered January 5, 1979, insofar as it directs premises heretofore owned by plaintiff, located at 125 West 77th Street, New York City, be sold and the proceeds thereof be distributed equally to plaintiff and defendant, unanimously reversed, on the law, and the defendant husband's counterclaim is dismissed, without costs and without disbursements. In this action, in which both parties initially sought a divorce, the husband also counterclaimed for the imposition of a constructive trust upon the marital residence, title to which was in the wife's name alone. After trial the wife was granted a divorce based on abandonment, and the husband, who had elected to press only his constructive trust counterclaim, succeeded on that claim. Shortly after their marriage the parties bought a home in Chicago with funds supplied by plaintiff's father. Proceeds from the sale of that home were then used to acquire a home in Philadelphia, title to which was also taken in their joint names. In 1966 the Philadelphia property was sold and the following year the brownstone at 125 West 77th Street was purchased. Again title was taken in their joint names. The purchase price was made up of various mortgages and a $42,000 cash payment, $30,000 of which was given to plaintiff by her father. The balance came from proceeds of the sale of the Philadelphia home and other jointly held funds. To facilitate financing of renovation of the brownstone into a duplex apartment, for their own use, and three income producing units, they conveyed title to the building to a corporation (Frenirode Corp.) owned by them in equal shares. During the renovation work the general contractor went into bankruptcy. Mechanics liens, which the parties lacked funds to satisfy, were filed and they looked to plaintiff's father for

aid. He in turn agreed to provide funds necessary to discharge the liens if title to the brownstone was conveyed to the plaintiff in her sole name. Defendant met that condition in December, 1968 and title to the premises has been in plaintiff's name alone ever since. The constructive trust doctrine is a fraud rectifying vehicle. *(Bankers Security Life Ins. Soc. v Shakerdge,* 49 NY2d 939.) To invoke it, generally, there must be a confidential relationship, a promise, a transfer in reliance on that promise and unjust enrichment. *(Sharp v Kosmalski,* 40 NY2d 119.) Essential ingredients of a constructive trust are lacking here. Defendant was not induced to convey to the wife in reliance upon a relation of confidence but rather upon the condition that her father would rescue them from their financial plight. Thus the precipitating cause of the transfer was the parties' economic circumstances and not any abuse by the wife of her husband's trust. The husband acquiesced in the transfer and did so unburdened by any promise or arrangement between the spouses that the wife would reconvey. We do not infer such a promise from their hastily drawn "will", which though attesting to joint ownership of the brownstone contains several errors respecting other assets the parties owned. Their State income tax returns are hardly more probative since for a majority of the years in question the total income from the rental units was attributed solely to the husband who, admittedly, never claimed to be the exclusive owner. Furthermore, the element of unjust enrichment is lacking. A major portion of the funds used to purchase the building and to alter it can be traced to the largesse of plaintiff's father. In addition, he made monthly gifts to the plaintiff and the parties' children of from $400 to $600 per month during the 1960's and in the early 1970's when defendant's own income was quite modest. If there will be enrichment to the daughter here, clearly it is not unjust. Concur—Murphy, P. J., Kupferman, Birns, Markewich and Yesawich, JJ.