OPINION OF THE COURT
Thomas P. Flaherty, J.
This is a motion pursuant to CPLR 3212 to grant plaintiff summary judgment in the underlying declaratory judgment action involving an insurer’s duty to defend and indemnify.
The plaintiff herein was involved in an automobile accident in 1980 that resulted in the death of one Ronald M. George. At the time of the accident plaintiff was covered by an automobile liability insurance policy issued by the defendant. Criminal charges were brought against the plaintiff as a result of this accident, and, upon the advice of her present counsel, plaintiff declined to provide defendant with a statement concerning the accident on Fifth Amendment self incrimination grounds while the criminal charges were still pending.
*735 The co-operation provision of the insurance policy provides that: “The insured shall cooperate with the company and, upon the company’s request, assist in making settlements, in the conduct of suits and in enforcing any right of contribution or indemnity against any person or organization who may be liable to the insured because of bodily injury, property damages or loss with respect to which insurance is afforded under this policy; and the insured shall attend hearings and trials and assist in securing and giving evidence and obtaining the attendance of witnesses.”
The defendant insurance company did not receive notice of the accident until January 23, 1981, some six months after its occurrence, when an attorney for the estate of Ronald M. George telephoned the defendant regarding the accident. Following two canceled appointments, plaintiff met with defendant’s claims representatives on February 9, 1981 at the office of plaintiff’s personal and present attorney. At this meeting plaintiff’s attorney advised that the plaintiff had been charged with criminally negligent homicide in a six-count indictment returned against her by an Erie County Grand Jury and consequently, on his recommendation, would not provide the defendant insurer with any information regarding the accident while the criminal charges were still pending.
By letter to plaintiff dated February 17,1981, the defendant warned that plaintiff’s refusal to be interviewed at the February 9, 1981 meeting constituted a serious violation of the co-operation provision of the insurance policy and would result in a disclaimer of coverage unless plaintiff consented to an interview.
Plaintiff responded to defendant’s February 17, 1981 letter through her attorney, again to the effect that she could not submit to an examination or provide any information to defendant until disposition of the criminal charges. By letter dated March 10, 1981, defendant informed plaintiff that, despite defendant’s requests for assistance and co-operation, plaintiff refused to comply, leaving defendant no alternative but to disclaim coverage on the basis of the co-operation provision.
*736 Having been served with a summons and complaint involving the accident, plaintiff forwarded those pleadings to defendant. The defendant returned them restating its position of denial of coverage for lack of co-operation. Following disposition of the criminal charges, plaintiff’s attorney advised defendant by letter of October 22, 1981, that she would now be willing to give defendant a statement. Plaintiff subsequently commenced the instant declaratory judgment action seeking a declaration that defendant has the duty to defend and indemnify plaintiff in the action commenced against her by the George estate.
Accompanying service of the summons and complaint in the declaratory judgment action was plaintiff’s notice of the instant motion for summary judgment. Although this motion was made prior to joinder of issue on the declaratory judgment action, such prematurity (CPLR 3212, subd [a]) does not preclude consideration of the motion since defendant has submitted its answer which, along with its affidavits in opposition to the instant motion, allowed all triable issues of fact to be raised. (Duell v Hancock, 83 AD2d 762.)
In opposition to the instant motion defendant contends that plaintiff breached her duty to co-operate by failing to report the accident to the defendant, by her willful and deliberate refusal to co-operate with defendant in its investigation, and by her refusal to be interviewed on Fifth Amendment grounds.
While plaintiff’s refusal to provide her insurer with a statement regarding the accident was clearly a breach of the co-operation provision of the insurance policy, the court finds that her reason for refusing to provide such a statement prior to the disposition of the criminal charges pending against her in conjunction with the impact of a disclaimer upon the estate of Ronald M. George (see Thrasher v United States Liab. Ins. Co., 19 NY2d 159) excuses and absolves plaintiff from the effect of such breach.
Though the law is well settled that an individual may not refuse to be examined on Fifth Amendment grounds without voiding his fire insurance where an insurer attempts to deny coverage because the insured has failed to *737 co-operate in discovering a possible arson of his own property (Dyno-Bite, Inc. v Travelers Cos., 80 AD2d 471; Gross v United States Fire Ins. Co., 71 Misc 2d 815; Cronk v Cayuga County Patrons’ Fire Relief Assn., 90 Misc 2d 945) the courts have not so held with respect to automobile insurance cases involving injured third parties who are in no respect responsible for the insured’s failure to co-operate and unable to enforce such co-operation. As the Appellate Division, Fourth Department, stated in Dyno-Bite, Inc. (supra, at p 476), “A distinction may be drawn, however, between a court’s natural reluctance to see an accident victim deprived of his source of payment because a liability carrier claims that its assured has failed to co-operate (see Thrasher v United States Liab. Ins. Co., 19 NY2d 159; Van Opdorp v Merchants Mut. Ins. Co. 55 AD2d 810; Insurance Law, § 167), and an indemnity carrier denying payment to its insured because the insured has failed to co-operate in discovering a possible arson (Insurance Law, § 168). The injured accident claimant is an innocent victim of the insured’s failure to co-operate. A fire insured, however, controls his own fate and neither an individual insured nor the principals of a corporate insured may use the Fifth Amendment privilege to frustrate the fire insurers’ defenses to their action (see Levine v Bornstein, 6 NY2d 892).”
However, while the thrust of this motion and of defendant’s disclaimer center on plaintiff’s refusal to provide defendant with a statement regarding the accident, the record presents factual questions concerning plaintiff’s cooperation, or lack thereof, through her attorney. Likewise, the court cannot, in the context of a summary judgment motion, make a determination as to whether plaintiff breached her duty to co-operate by failing to notify defendant of the accident. In this regard, the court notes that condition No. 3 of the insurance policy requires that the insured give defendant notice of an accident “as soon as practicable”. Resolution of these factual questions must await the trier of fact. (See Hartford Fire Ins. Co. v Masternak, 55 AD2d 472.)
Accordingly, plaintiff’s motion for summary judgment is in all respects denied and defendant’s request for summary *738 judgment in its favor (CPLR 3212, subd [b]) is likewise denied.