■ In the Matter of CONSTANTINE WIECZOREK, Deceased. GENEVIEVE FUSCO, Respondent; CONSTANCE DESILVA, Appellant.—In a proceeding to impose a constructive trust on certain real property held in the decedent's name, the executrix, Constance DeSilva, appeals from an order of the Surrogate's Court, Queens County (Durante, S.), dated March 5, 1990, which, after a hearing, granted the petitioner's application and directed the appellant to execute a deed transferring a 50% interest in the subject property to the petitioner.

Ordered that the order is affirmed, with costs payable by the estate.

The petitioner, Genevieve Fusco, and her father, the decedent Constantine Wieczorek, purchased a two-family house in Queens County. Each took a 50% interest as tenants in common. From 1971 until 1981, they lived together in one apartment and the appellant, who is the petitioner's sister, lived in the other apartment. In 1981, after she was the victim of a violent crime in the house, the petitioner moved out. In August 1981 intending a temporary transfer, she conveyed her interest in the property to the decedent, without consideration.

Following the decedent's death in 1986, the petitioner filed a claim seeking the return of the 50% interest in the property that she conveyed to him, which was rejected by his estate. After a hearing, the Surrogate's Court imposed a constructive trust on the property, and the estate was ordered to transfer a 50% interest in the property to the petitioner. We affirm.

Although the petitioner's testimony that she did not receive any consideration for the property was inadmissible pursuant to CPLR 4519 (the "Deadman's Statute") *(see,* Fisch, New York Evidence § 283, at 180), other evidence established that no consideration was paid for the petitioner's interest in the property. Therefore, the admission of the petitioner's testimony on that issue was harmless error *(see, Turner v Danker,* 30 AD2d 564).

With respect to the merits of the petitioner's claim, the four requirements of a cause of action to impose a constructive trust are (1) a confidential or fiduciary relationship, (2) a

promise, express or implied, (3) a transfer in reliance on that promise, and (4) unjust enrichment *(see, Sharp v Kosmalski,* 40 NY2d 119, 126). The requirements, however, are not to be rigidly applied *(see, Bankers Sec. Life Ins. Socy. v Shakerdge,* 49 NY2d 939; *Simonds v Simonds,* 45 NY2d 233, 241). The ultimate purpose of a constructive trust is to prevent unjust enrichment and it will be imposed where a party holds property "under such circumstances that in equity and good conscience he ought not to retain it" *(Miller v Schloss,* 218 NY 400, 407; *see also, Sharp v Kosmalski, supra).*

In this case, the existence of a confidential relationship is not disputed. Although there is no indication of an express promise by the decedent to reconvey the petitioner's interest in the property, a promise can be inferred by the court where property has been transferred in reliance upon a confidential relationship *(see, Sharp v Kosmalski, supra,* at 122; *Tordai v Tordai,* 109 AD2d 996, 997). Such is the case here. The petitioner testified that she intended the transfer to be temporary and she was told by an attorney (who is presently representing the estate) that she could unilaterally reclaim her interest in the property.

A person is unjustly enriched when it would be unjust for him or her to retain a benefit received, considering the circumstances of the transfer and the parties' relationship *(see, McGrath v Hilding,* 41 NY2d 625, 629). The person enriched need not commit any wrongful act *(Simonds v Simonds, supra,* at 242). Here, the petitioner transferred her interest in the property without receiving consideration, and under the mistaken impression that she could unilaterally reclaim her interest. Further, we note that she did so after she was a victim of a violent crime in her house. To deprive her of the property under the circumstances would be inequitable and would unjustly enrich the estate. O'Brien, Copertino and Pizzuto, JJ., concur.

Balletta, J. P., dissents and votes to reverse the order, on the law, and to deny the petitioner's application, with the following memorandum: I respectfully disagree with the majority's conclusion that the petitioner has established her entitlement to the imposition of a constructive trust in her favor. I would, therefore, reverse and deny the petitioner's application.

The majority's decision has set forth the general requirements that must be established before a constructive trust will be imposed *(see, Sharp v Kosmalski,* 40 NY2d 119, 121), and I will not repeat them here except to add the following observa-

tions. While it is true that the "salutary purpose of the constructive trust remedy is to prevent unjust enrichment" *(Sharp v Kosmalski, supra,* at 123), it is equally true that "[e]nrichment alone will not suffice to invoke the remedial powers of a court of equity" *(McGrath v Hilding,* 41 NY2d 625, 629). Moreover, it has also been said that "the constructive trust doctrine serves as a 'fraud-rectifying' remedy rather than an 'intent-enforcing' one" *(Bankers Sec. Life Ins. Socy. v Shakerdge,* 49 NY2d 939, 940; *see, Matter of Lefton,* 160 AD2d 702; *Schwab v Denton,* 141 AD2d 714).

As the majority points out, and the petitioner concedes, the father-daughter relationship that existed between the decedent and the petitioner was a confidential one, thus satisfying the first prong of the test set forth in *Sharp v Kosmalski (supra) (see also, Djamoos v Djamoos,* 153 AD2d 871; *Ricotta v Ricotta,* 135 AD2d 1143; *Farano v Stephanelli,* 7 AD2d 420). However, the petitioner's proof at trial fell far short of showing either that there was an express or implied promise or that she transferred the property in reliance upon such a promise *(see, Barnes v Byrnes,* 153 AD2d 831; *Baker v Latham Sparrowbush Assocs.,* 137 AD2d 934, 936; *Meier v Meier,* 76 AD2d 810, *affd* 53 NY2d 993).

The petitioner testified that she moved out of the house in August 1981 and that shortly thereafter, she called her attorney to prepare the documents necessary to transfer her 50% interest in the house to her father. The petitioner claimed that she told this attorney that she wanted the transfer to be only temporary. Significantly, however, she did not testify that she ever discussed the matter with relatives or friends *(cf., Farano v Stephanelli, supra).* The evidence shows merely that the petitioner unilaterally decided, for reasons known only to herself, to transfer her 50% interest in the house to her father. (I note that although the petitioner claimed that she had been the victim of a violent crime about six months prior to the transfer, she apparently never reported the incident to the police or mentioned it to anyone else.)

The petitioner thus failed to prove the existence of any express promise by her father to reconvey the property back to her. Furthermore, there is nothing in the circumstances which would suggest that any such promise should be inferred. The evidence shows only that the petitioner intended to sever all her connections with the property. Thus, the petitioner testified that although she paid the monthly mortgage payments up until the time she transferred her interest

to her father, she stopped making all such payments after August 1981.

In the absence of a promise, either express or implied, the petitioner's cause of action to impose a constructive trust must fail *(see, Scivoletti v Marsala,* 61 NY2d 806; *Benanti v Benanti,* 45 NY2d 993; *Plotnikoff v Finkelstein,* 105 AD2d 10; *D'Aprile v Blythe,* 53 AD2d 1059).

Nor has there been any showing that the father's estate would be unjustly enriched by the transfer. While the petitioner claimed that she paid all the bills for the house from her own bank accounts, the evidence also reveals that the petitioner's sister and her family (who lived in the downstairs apartment of the two-family house) paid her rent. Moreover, there was testimony that the petitioner paid the bills from the rent that she collected. In addition, there was evidence that the father contributed toward the down payment to purchase the house and obtained the mortgage with her.

The evidence was clearly insufficient to warrant the imposition of a constructive trust in this case. Other than the existence of a father-daughter relationship, the petitioner has failed to meet any of the other three prongs of the test set forth in *Sharp v Kosmalski (supra).* I am not of the opinion that a constructive trust should be imposed merely because the transaction involved a familial relationship *(see, Saff v Saff,* 61 AD2d 452, 456). Accordingly, in the absence of any other factors which would warrant intervention by a court of equity, I vote to reverse in this case *(see, Binenfeld v Binenfeld,* 146 AD2d 663, 664-665; *Olin v Lenoci,* 119 AD2d 739).