■ Cora W. Verity, Appellant, v. Charles H. Verity, Jr., et al., Respondents, et al., Defendants.— Action (a) to impress a trust upon several parcels of real property owned, of record, by plaintiff's husband and to impress a trust upon a purchase-money mortgage representing the remaining proceeds of sale of an additional parcel formerly owned, of record, by

said plaintiff's husband, (b) to impress a trust upon certain money alleged to have been wrongfully paid to, and received by, the defendant Friedman. Plaintiff appeals from so much of an interlocutory judgment as (1) denied the relief demanded, other than the impressment of liens aggregating $1,401.47 on the several parcels of property, (2) dismissed the amended complaint as to all the defendants other than her husband, and (3) directed her, as receiver *pendente lite*, to account, and also appeals from an order denying her application for the appointment of a substitute special guardian for her husband. Interlocutory judgment insofar as appealed from and order unanimously affirmed, without costs. The Special Term correctly held that plaintiff made no contribution from her own holdings to the purchase of any of the parcels of real property. Nor can it be said upon this record that plaintiff satisfactorily established that prior to, or contemporaneously with, each conveyance, there was an express or implied promise, agreement or arrangement that her husband should take and hold title for the benefit of himself and herself as tenants by the entirety. Plaintiff established no valid claim to any money received by the defendant Friedman for attorney's fees and brokerage commissions advanced or paid to him by plaintiff's husband only. The Special Term properly found that there was no necessity for the appointment of a substitute special guardian. Present — Nolan, P. J., Ughetta, Kleinfeld, Christ and Brennan, JJ.