■ FRANK COLLUCCI, Appellant, v RACHEL COLLUCCI, Respondent. — In an action, *inter alia,* to impress a constructive trust upon three parcels of real property, plaintiff appeals from a judgment of the Supreme Court, Westchester County (Burchell, J.), entered January 21, 1981, which, after a nonjury trial, dismissed the complaint. Judgment modified, on the law and the facts, by granting plaintiff an equitable lien as to 50% of the value of the three parcels involved in this action. As so modified, judgment affirmed, without costs or disbursements. Plaintiff sought to impress a constructive trust upon three parcels of real property in which he had invested his life savings. Title was placed in the defendant wife's name apparently to protect plaintiff's investment from "encroach[ment]" by his former wife and the children of his first marriage. To establish a constructive trust, a plaintiff must show (1) a confidential or fiduciary relationship, (2) a promise, (3) a transfer in reliance thereon, (4) a breach of the promise and (5) unjust enrichment. (*Sharp v Kosmalski,* 40 NY2d 119, 121.) Plaintiff failed to prove that a promise was

made. Without such an agreement, the trial court properly denied his prayer for a constructive trust. Nevertheless, under the circumstances of this case, plaintiff is entitled to relief. The record on appeal reflects the fact that plaintiff contributed at least 50% to the purchase and maintenance of the three parcels of land, which, though in the name of defendant, were for the use and/or benefit of both parties. It is within this court's jurisdiction to grant an equitable remedy which conforms to the injury. We therefore modify the judgment so as to grant plaintiff an equitable lien as to 50% of the value of the parcels in issue. (See *Leary v Corvin,* 181 NY 222; *Verity v Verity,* 10 AD2d 729, affd 8 NY2d 1073.) Mollen, P. J., Titone, O'Connor and Thompson, JJ., concur.