OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and the judgment of Supreme Court dismissing the complaint, reinstated.
Associated with but separate from two pending cross actions between the parties for divorce, plaintiff husband instituted the present action to impose a constructive trust on three parcels of land, record title to which is in the name of defendant wife. He sought a direction that the properties be conveyed to him or in the alternative that he be awarded damages. Following a nonjury trial, the court held the evidence insufficient to establish a constructive trust and dismissed the complaint. On appeal, the Appellate Division agreed that, because of the failure of the husband’s proof, the trial court had properly denied his prayer for a constructive trust. That court, however, determined that in the circumstances shown the husband was entitled to an equitable lien to the extent of 50% of the value of each of the three parcels.
The theory of recovery based on a claim of an equitable lien, as distinguished from that of a constructive trust, was not pleaded or raised in the trial court. Defendant wife never had an opportunity to seek disclosure or to introduce evidence to rebut the fact or to dispute the extent of any asserted equitable lien. Additionally she plausibly asserts that had the husband advanced any such theory she would *837 have pleaded the six-year Statute of Limitations as a bar to his claim for such equitable relief (CPLR 213, subd 1). Nor, we are informed by the wife without refutation by the husband, was any such theory of recovery advanced by him at the Appellate Division.
In these circumstances, notwithstanding the powers of a court, in this instance the Appellate Division, to fashion equitable relief appropriate to the proof submitted without regard to any deficiency in pleading (see, also, CPLR 3017, subd [a]), such powers may not be exercised to grant relief on a new theory of recovery first introduced by the appellate court against a party who has had no notice or opportunity to defend against that theory.
Nor may we on this appeal by the wife consider the principal contention that the husband advances before us — that in any event the evidence in this record is sufficient to warrant the imposition of a constructive trust oh the entire property. There being no appeal by him from the order of the Appellate Division, he may not obtain affirmative relief in our court. Nevertheless, the husband may present arguments for the purpose of sustaining the relief that he received from the Appellate Division. Inasmuch as there is an affirmed finding that the wife did not promise to reconvey the property, the husband has no right to a constructive trust and that theory does not serve to support the disposition made at the Appellate Division.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg, Meyer and Simons concur.
Order reversed, with costs, and judgment of Supreme Court, Westchester County, reinstated in a memorandum.