■ VITO MACINA, Respondent, v JOAN MACINA, Appellant. — In an action pursuant to RPAPL article 15, defendant appeals from a judgment of the Supreme Court, Nassau County (Becker, J.), entered June 29, 1982, which, after a nonjury trial, was in favor of plaintiff in the principal sum of $17,700, upon the trial court's finding that plaintiff was entitled to a 50% interest in the proceeds received from the sale of the subject real property. Judgment reversed, on the law and the facts, with costs, and complaint dismissed. The subject property was purchased for use as a marital residence with funds from a bank account that had been in the name of the defendant wife. The source of most of the money was the plaintiff husband's salary and his gambling winnings. At the closing, plaintiff requested that his name be stricken from the deed and title was placed in the name of defendant alone. Plaintiff seeks an adjudication that he is a joint owner of the property, which was sold during the pendency of the action. The trial court found that plaintiff did not establish a promise by defendant to convey a half interest in the property to him upon his request. We agree. Accordingly, the trial court properly refused to impress a constructive trust in favor of plaintiff. The court, however, went on to hold that "the circumstances surrounding the transfer of title compel a conclusion that plaintiff must be considered a one-half owner of the property" and, in effect, granted plaintiff an equitable lien on one half of the proceeds of the sale. With this conclusion we disagree. The trial testimony established that plaintiff's purpose in placing title in the name of his wife was to protect his family against a possible downturn in his fortunes as a gambler, or, in plaintiff's words, to "[i]nsulate the family." Upon our consideration of the entire record, we find that plaintiff has failed to establish any unjust enrichment and is not entitled to an equitable lien (cf. *Collucci v Collucci*, 86 AD2d 644, revd 58 NY2d 834). Bracken, J. P., Brown, Niehoff and Boyers, JJ., concur.