■ SHIRLEY M. GARDA, Respondent, v GENE GARDA, Appellant. — Judgment modified and, as modified, affirmed, without costs, and matter remitted to Supreme Court, Monroe County, for further proceedings, in accordance with the following memorandum: In this pre-equitable distribution divorce action, the court had no power to direct transfer of title to the property to the wife (see Domestic Relations Law, § 234; *Szabo v Szabo,* 71 AD2d 32, 35-36). On examining all of the relevant circumstances, we conclude that the court did not abuse its discretion in imposing for the benefit of the wife an equitable lien on the property in the amount of the $18,682 down payment made by the wife (see, generally, *Collucci v Collucci,* 86 AD2d 644, revd on other grounds 58 NY2d 834; 35 NY Jur, Liens, § 15, p 205). The court also acted well within its discretion in forgiving half of the arrears under the temporary order directing the husband to pay the mortgage, taxes, insurance and utilities (see Domestic Relations Law, § 244); these arrears are not, however, a proper subject of an equitable lien. In any event, because the trial testimony does not support the court's figure of $30,000 total arrears for mortgage and taxes, and the plaintiff's exhibits, on which the court may have relied in setting this figure, are not before us, we remit the matter to Trial Term for confirmation or recalculation of this amount and for entry of judgment in an amount equal to one half of this figure plus one half of the $5,000 arrears for heating the house, or $2,500 (see Domestic Relations Law, § 244). The award of $3,533 for "marital assets wasted by the defendant" is improper and is stricken. On remittal the court is

also directed to resolve the questions concerning ownership of personal property raised at trial. Contrary to the view expressed in the dissent, we find no basis in this record for the imposition of a constructive trust (see *Scivoletti v Marsala,* 61 NY2d 806; *Collucci v Collucci,* 58 NY2d 834, *supra; Sharp v Kosmalski,* 40 NY2d 119; *Saff v Saff,* 61 AD2d 452). ¶ All concur, except Denman and Green, JJ., who dissent in part and vote to impose a constructive trust, in the following memorandum.

Denman and Green, JJ. (dissenting). We agree with the majority that the means by which the court awarded title, i.e., by imposing an equitable lien, not only for the amount of plaintiff's down payment but also for arrears which defendant owed for mortgage payments, taxes, insurance and utilities, was improper and that the case must be remitted. However, we view the circumstances here as supporting imposition of a constructive trust on the marital residence for the benefit of plaintiff. ¶ The facts are these. Approximately five months after the parties were married, plaintiff sold the home in which she had been living with her three children from a previous marriage, and used the proceeds ($18,682) to make a down payment on the subject premises, which is held by the parties as tenants by the entirety. For a brief period, between April, 1978 when the residence was purchased and January, 1980 when the parties separated, mortgage payments were paid out of joint funds. However, from February, 1980 through the date of trial in March, 1983, plaintiff was solely responsible for mortgage payments totaling $18,900, taxes of $6,900 and insurance of $1,100. The court found that the current value of the marital residence was $84,600, that the principal owed as of March, 1983 was $47,881 and that the equity in the marital residence was $36,719. ¶ In view of the fact that plaintiff has personally contributed over $37,000 to the purchase and maintenance of the residence and that defendant, although under court order to make mortgage, tax, insurance and utility payments, is in arrears from January, 1980, defendant would be unjustly enriched if he were permitted to retain a one-half beneficial interest in the residence. Since defendant has made only a minimal contribution toward the equity in the residence, we believe the proper remedy would be to impose a constructive trust on defendant's one-half interest and compel transfer of title to plaintiff. ¶ Of the four essential elements which must be found prior to affording such a remedy, i.e., (1) a confidential or fiduciary relationship, (2) a promise or agreement, express or implied, (3) a transfer in reliance upon said agreement, and (4) unjust enrichment (*Sharp v Kosmalski,* 40 NY2d 119, 121), the only elements which are disputed here are the existence of a promise and transfer in reliance thereon. It has been held, however, under similar circumstances, that because of the confidential nature of the marital relationship "no such express agreement or transfer could be expected or found" and, hence, that a promise and reliance may be implied from the nature of the relationship (*Scull v Scull,* 94 AD2d 29, 37, app dsmd 60 NY2d 586). Moreover, the Court of Appeals has held that the four factors posited in *Sharp v Kosmalski* (*supra,* p 121) are not to be applied rigidly inasmuch as the doctrine of constructive trust is intended to be a flexible device, the application of which "is limited only by the inventiveness of men who find new ways to enrich themselves unjustly by grasping what should not belong to them" (*Latham v Father Divine,* 299 NY 22, 27, cited in *Simonds v Simonds,* 45 NY2d 233, 241). (Appeal from judgment of Supreme Court, Monroe County, Bergin, J. — divorce.) Present — Hancock, Jr., J. P., Denman, Boomer, Green and Moule, JJ.