OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Plaintiff commenced this action to recover an outstanding balance due for nursing home services rendered to the defendant’s husband as a patient prior to his death. In the complaint, the plaintiff sought to recover against defendant as the conservator for her husband. The complaint also alleges that the defendant is individually liable because she specifically requested the services or expressly agreed, orally and in writing, that she would pay for them. The defendant denied that she had personally assumed liability to pay the bills and claimed that plaintiff’s testator had agreed to waive the outstanding balance. Defendant was unable to establish the waiver defense, however, because she was precluded by the Dead Man’s Statute (CPLR 4519) from testifying with respect to statements made by the plaintiff’s testator.
The trial court initially entered judgment against her in her capacity as conservator, but found that she was not individually liable. On reargument however, the court found that the defendant had expressly agreed to pay for the services. Alternatively the court held that there was a statutory duty, imposed by Domestic Relations Law § 32 (2), to pay for the services provided to her husband. Thus, judgment was also entered against her in her individual capacity.
The Appellate Division modified on the law and the facts by *794 deleting the portion of the judgment holding her individually liable. The court found no express agreement by the defendant to personally pay for the services. The court also found no statutory liability, noting that the plaintiff had made no claim pursuant to the statute relied upon by the trial court, that the subsection had been deleted, and that in any event it had not imposed liability on a wife to pay a third party for services provided to her husband. Thus the judgment was sustained to the extent that defendant was held liable as conservator. The plaintiff has now appealed to this court.
 The Appellate Division correctly held that the plaintiff was not entitled to recover on any of the grounds asserted in the complaint. On this appeal the plaintiff claims that the common-law rule requiring a husband to pay for his wife’s necessaries (Garlock v Garlock, 279 NY 337) is antiquated or violates equal protection and that the law should be changed to impose on a wife the same obligation with respect to her husband. This issue, however, was not preserved for our review.
The constitutional challenge to the common-law rule was not raised in the trial court and may not be considered by this court for the first time on appeal (see, e.g., Tumolillo v Tumolillo, 51 NY2d 790; Di Bella v Di Bella, 47 NY2d 828; cf., Matter of Barbara C., 64 NY2d 866; Matter of Mingo v Pirnie, 55 NY2d 1019). Neither did the plaintiff urge that the common-law rule should be extended on policy grounds. Indeed, a fair reading of the complaint shows that the plaintiff did not rely on the common-law rule with respect to necessaries as a basis for recovery. The plaintiff’s contention throughout the complaint was that the defendant should be held individually liable for the cost of the services rendered to her husband because she had voluntarily assumed the obligation by specific requests for the services or expressed oral and written agreements to pay for them.
In short, the case was pleaded and tried on the theory that the plaintiff had voluntarily assumed the obligation of paying for the services, and not on the theory that it is, or should be, an obligation imposed as a matter of common law because of her status as the spouse of the recipient. It is well settled that when a case has been pleaded and tried on one theory, this court cannot grant recovery on another theory (Macina v Macina, 60 NY2d 691; Collucci v Collucci, 58 NY2d 834, 836).
These principles are not mere technicalities, nor are they *795 only concerned with fairness to litigants, important as that goal is. They are at the core of the distinction between the Legislature, which may spontaneously change the law whenever it perceives a public need, and the courts which can only announce the law when necessary to resolve a particular dispute between identified parties. It is always tempting for a court to ignore this restriction and to reach out and settle or change the law to the court’s satisfaction, particularly when the issue reached is important and might excite public interest. However, it is precisely in those cases that the need for judicial patience and adherence to the common-law adversarial process may be — or is often greatest.
Because the issue is not properly before us, our affirmance should not be construed as a rejection of the view of other courts and Judges Hancock or Titone* that the necessaries rule should be changed as a matter of common law or constitutional principles (see, Annotation, Modem Status of Rule that Husband is Primarily or Solely Liable for Necessaries Furnished Wife, 20 ALR4th 196), and that it should either be abolished, as Judge Titone believes, because its validity has been undermined by changing legal and social concepts leaving little justification for its retention (see, Condore v Prince George’s County, 289 Md 516, 425 A2d 1011; Schilling v Bedford County Mem. Hosp., 225 Va 539, 303 SE2d 905; see, Comment, The New Doctrine of Necessaries in Virginia, 19 U Rich L Rev 317, 320-321), or that it should be expanded, as Judge Hancock believes, to impose a reciprocal obligation on both spouses because that would reflect the modern view of marriage as a economic partnership, would be consistent with the policy underlying the current support laws and would continue to encourage retail consumer creditors to supply nonworking spouses with credit (see, e.g., Jersey Shore Med. Center—Fitkin Hosp. v Estate of Baum, 84 NJ 137, 417 A2d 1003; North Carolina Baptist Hosps. v Harris, 319 NC 347, 354 SE2d 471; Richland Mem. Hosp. v Burton, 282 SC 159, 318 SE2d 12; Mahoney, Economic Sharing During Marriage: Equal Protection, Spousal Support and the Doctrine of Necessaries, 22 J of Fam L 221). If the Legislature does not address the problem we have no doubt that an appropriate case at an appropriate time will present us with the opportunity to properly rule on the issue.
*796 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed, with costs, in a memorandum.

 Judges Hancock and Titone would reach the merits because in their view the issue was preserved.