■ Rose M. Di Nicola, Appellant, v Monica Bouchard, Respondent. [649 NYS2d 239] —Cardona, P. J. Appeal from a judgment of the Supreme Court (Dawson, J.), entered July 6, 1995 in Schenectady County, upon a decision of the court in favor of defendant.

Defendant is the niece of the late Margaret Rieger, a close friend of plaintiff who lived in plaintiff's home for approximately 20 years until Rieger's death on January 8, 1991. On January 25, 1991, plaintiff, who was approximately 78 years old, executed various documents drafted by her attorney, including a "life estate agreement" and a warranty deed which transferred title to real property located in the Town of Glenville, Schenectady County, to defendant, while retaining a life estate for herself. At the same time, plaintiff executed a will naming defendant as her sole beneficiary. Thereafter, in May 1993, plaintiff commenced this action seeking a judgment nullifying the deed and ordering defendant to reconvey the property to her. In her verified complaint, plaintiff solely alleged that she was mentally incompetent at the time the deed was executed and that, upon regaining her health, she demanded

reconveyance from defendant who refused to do so. Following a nonjury trial, Supreme Court dismissed the action on the merits and concluded that plaintiff had competently executed the deed and life estate agreement. This appeal by plaintiff followed.

The sole issue raised by plaintiff on appeal is her claim that this Court should impose a constructive trust on the disputed property and compel defendant to reconvey it to her. Notably, plaintiff concedes that this theory of recovery was not raised in her pleadings or otherwise presented before Supreme Court. While plaintiff argues that this Court's power to fashion equitable relief that is appropriate to the proof submitted despite any deficiency in pleading is sufficient to allow an examination of her arguments, it is well settled that such powers may not be invoked to grant relief on a new theory of recovery that "was never raised in the pleadings or at trial" (*Macina v Macina*, 60 NY2d 691, 693; *see, Lichtman v Grossbard*, 73 NY2d 792, 794; *Collucci v Collucci*, 58 NY2d 834, 837). Thus, neither party was given a fair opportunity at trial to adequately explore the relevant issues pertaining to a claim of constructive trust. Accordingly, we find that plaintiff has waived her right to advance the theory of constructive trust (*see, Howe v Village of Trumansburg*, 199 AD2d 749, 751-752, *lv denied* 83 NY2d 753).

Mikoll, Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is affirmed, with costs.