■ In the Matter of WAYNE A. JONES et al., Respondents, v SCARLETT J. HARROLD, Appellant. [650 NYS2d 893] —Mercure, J. P. Appeal from an order of the County Court of Broome County (Mathews, J.), entered February 27, 1995, which affirmed a judgment of the Village Court of Johnson City in favor of petitioners.

On September 1, 1988, respondent entered into a rental agreement with petitioners to lease commercial space in premises located at 122 Baldwin Street in the Village of Johnson City, Broome County. As the result of respondent's default in the payment of rent, petitioners commenced a summary proceeding in the Village Court of Johnson City seeking, *inter alia*, to have respondent evicted from the premises and for judgment in the amount of $4,500 for past due rent. Respondent asserted a counterclaim in the amount of $54,000, seeking a refund of all rent moneys paid and damages to permit her to open her business at a new location. On the return date of the proceeding, Village Court granted possession of the

premises to petitioners and executed a warrant ordering respondent to vacate the premises. A hearing was subsequently conducted on the issue of damages. After the hearing, Village Court granted judgment to petitioners in the amount of $4,500, but refused to consider respondent's counterclaim because it was in excess of $3,000. Respondent then appealed Village Court's judgment to County Court, which affirmed it. Petitioner now appeals the order of County Court.

Village Court refused to entertain respondent's counterclaim because the provisions of UJCA 208 preclude it from considering counterclaims in excess of $3,000 unless the party asserting the counterclaim waives damages in excess of $3,000. Respondent refused to waive damages in excess of $3,000. Respondent's main contention is that the provisions of UJCA 208 violate her rights to equal protection and due process inasmuch as this provision limits damages on her counterclaim to $3,000 while UJCA 204 allows landlords to assert claims for unlimited monetary damages for rent due in summary proceedings. Respondent further argues, *inter alia*, that she was denied due process at the hearing held by Village Court because she was not given a full and fair opportunity to present her defense.

Initially, to the extent that respondent failed to assert her equal protection and due process arguments before County Court, she may not raise them for the first time in this Court (*see, Lichtman v Grossbard*, 73 NY2d 792, 794; *Cibro Petroleum Prods. v Chu*, 67 NY2d 806, 809; *Di Bella v Di Bella*, 47 NY2d 828, 829). Nevertheless, were we to consider the merits, we would find these arguments to be unavailing inasmuch as the Uniform Justice Court Act applies only to proceedings in the Village and Town Courts and does not preclude respondent from commencing an action on the counterclaim in Supreme Court where the court's jurisdiction is not so limited. Moreover, based upon our review of the record, we find that Village Court provided respondent with an adequate opportunity to present her defense at the hearing. We have considered respondent's remaining claim and find it to be without merit.

White, Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.