■ STEVEN M. PARIS et al., Respondents, v CARL N. REISS, Doing Business as CNR COMMERCIAL & RESIDENTIAL SERVICES, Appellant. (Appeal No. 1.) [674 NYS2d 233] —Order unanimously reversed on the law without costs and motion denied. Memorandum: Supreme Court erred in granting plaintiffs' motion for partial summary judgment on liability on the causes of action alleging violations of Labor Law § 240 (1) and § 241 (6). Plaintiffs failed to offer evidentiary proof in admissible form establishing as a matter of law that defendant was either the owner of the real property where Steven M. Paris (plaintiff) was injured or the general contractor on the construction project. The affidavit of plaintiffs' attorney asserting that defendant was the owner and general contractor is insufficient to make that showing (*see, Zuckerman v City of New York*, 49 NY2d 557, 562). The failure of plaintiffs to make a prima facie showing of entitlement to judgment as a matter of law requires denial of their motion, regardless of the sufficiency of the opposing papers (*see, Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853). We do not address the issues whether Labor

Law § 240 (1) and § 241 (6) apply to the circumstances of plaintiff's injury because those issues were not raised on appeal (*see, Collucci v Collucci,* 58 NY2d 834, 837). (Appeal from Order of Supreme Court, Chautauqua County, Gerace, J.— Summary Judgment.) Present—Green, J. P., Pine, Hayes, Callahan and Fallon, JJ.