■ Gloria Fraser, Appellant, v Douglas Fraser, Respondent. [744 NYS2d 253] —Crew III, J.P. Appeal from an order of the Supreme Court (Bradley, J.), entered July 12, 2001 in Ulster County, which denied plaintiff's motion for, inter alia, modification of the support provisions of a judgment of divorce.

In December 1979, the parties entered into a separation agreement, subsequently incorporated but not merged in their January 1980 judgment of divorce, pursuant to the terms of which defendant agreed to pay plaintiff $12,000 per year in maintenance and to continue to maintain, on behalf of plaintiff, the then-existing hospitalization and medical insurance coverage. From February 1982 to June 1997, plaintiff apparently was employed by FTS Systems Inc., a company formerly owned by defendant, during which time plaintiff received a combination of wages and maintenance. Also during such time period, plaintiff purportedly received through her employment enhanced medical insurance coverage, including hospitalization, pharmaceutical, dental and optical coverage.

In November 2000, plaintiff moved by order to show cause seeking, inter alia, an upward modification of defendant's maintenance obligation and insurance coverage comparable to that which she enjoyed while employed by defendant's company. The basis for plaintiff's application was the "substantial change in circumstances" that allegedly occurred in the years following the sale of defendant's business. Defendant opposed plaintiff's motion. Supreme Court denied plaintiff's motion, prompting this appeal by plaintiff.

We affirm. As we noted at the outset, the parties' separation agreement required defendant to pay plaintiff $12,000 per year

in maintenance and to continue to provide the hospitalization and major medical insurance coverage in existence at the time of the execution of such agreement in 1979. According to defendant, such insurance coverage did not then include coverage for prescription drugs, dental care or eye care. The sole argument raised by plaintiff on appeal is that she and defendant thereafter entered into an oral modification of the maintenance and health insurance provisions of their separation agreement and that defendant, in turn, ratified such oral agreement by providing plaintiff with enhanced health insurance benefits between 1982 and 1997 in exchange for reduced maintenance payments.* In our view, plaintiff's argument must fail.

As a starting point, a review of the record on appeal reveals that plaintiff did not raise the ratification issue before Supreme Court. Indeed, her sole theory of recovery was that there had been a substantial change in circumstances that necessitated a corresponding increase in maintenance and enhanced insurance benefits. Inasmuch as plaintiff did not advance the ratification argument before Supreme Court, it has not been preserved for our review and will not be considered for the first time on appeal (*see, Lichtman v Grossbard*, 73 NY2d 792, 794; *Matter of Jones v Harrold*, 234 AD2d 717, 718).

Moreover, even assuming that this issue was properly before us, we would find the record as a whole insufficient to support both the existence of the alleged oral modification and defendant's purported ratification thereof. Specifically, the record does not establish that defendant provided plaintiff with enhanced health insurance benefits in exchange for a reduction in his maintenance payments, and the mere fact that plaintiff apparently received such enhanced benefits through her employment for a number of years does not demonstrate either a modification of the parties' separation agreement or her present entitlement to benefits in excess of those called for by such agreement. Accordingly, Supreme Court's order dismissing plaintiff's application is affirmed.

Peters, Spain, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, without costs.

---

* Although plaintiff also appealed the denial of her request for an increase in defendant's alimony obligation, she has not briefed that issue and we therefore deem it abandoned (*see, Reiss v Consolidated Edison Co. of N.Y.*, 228 AD2d 59, 60 n, *lv dismissed* 89 NY2d 1085, *lv denied* 90 NY2d 807, *cert denied* 522 US 1113).