Gabrielli, J.
Plaintiff commenced this action to impose a constructive trust upon property transferred to defendant on the ground that the retention of the property and the subsequent ejection of the plaintiff therefrom was in violation of a relationship of trust and confidence and constituted unjust enrichment. The Trial Judge dismissed plaintiff’s complaint and his decision was affirmed without opinion by the Appellate Division.
Upon the death of his wife of 32 years, plaintiff, a 56-year-old dairy farmer whose education did not go beyond the eighth grade, developed a very close relationship with defendant, a school teacher and a woman 16 years his junior. Defendant assisted plaintiff in disposing of his wife’s belongings, performed certain domestic tasks for him such as ironing his shirts and was a frequent companion of the plaintiff. Plaintiff came to depend upon defendant’s companionship and, eventually, declared his love for her, proposing marriage to her. Notwithstanding her refusal of his proposal of marriage, defendant continued her association with plaintiff and permitted him to shower her with many gifts, fanning his hope that he could induce defendant to alter her decision concerning his marriage proposal. Defendant was given access to plaintiff’s bank account, from which it is not denied that she withdrew *121 substantial amounts of money. Eventually, plaintiff made a will naming defendant as his sole beneficiary and executed a deed naming her a joint owner of his farm. The record reveals that numerous alterations in the way of modernization were made to plaintiff’s farmhouse in alleged furtherance of "domestic plans” made by plaintiff and defendant.
In September, 1971, while the renovations were still in progress, plaintiff transferred his remaining joint interest to defendant. At the time of the conveyance, a farm liability policy was issued to plaintiff naming defendant and her daughter as additional insureds. Furthermore, the insurance agent was requested by plaintiff, in the presence of defendant, to change the policy to read "J. Rodney Sharp, life tenant. Jean C. Kosmalski, owner.” In February, 1973, the liaison between the parties was abruptly severed as defendant ordered plaintiff to move out of his home and vacate the farm. Defendant took possession of the home, the farm and all the equipment thereon, leaving plaintiff with assets of $300.
Generally, a constructive trust may be imposed "[w]hen property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest” (Beatty v Guggenheim Exploration Co., 225 NY 380, 386; 1 Scott, Trusts [3d ed], § 44.2, p 337; 4 Pomeroy’s Equity Jurisprudence [5th ed], § 1053, p 119). In the development of the doctrine of constructive trust as a remedy available to courts of equity, the following four requirements were posited: (1) a confidential or fiduciary relation, (2) a promise, (3) a transfer in reliance thereon and (4) unjust enrichment (see Janke v Janke, 47 AD2d 445, affd 39 NY2d 786; Vassel v Vassel, 40 AD2d 713, affd 33 NY2d 533; Foreman v Foreman, 251 NY 237; Sinclair v Purdy, 235 NY 245; Ahrens v Jones, 169 NY 555; Matter of O’Hara, 95 NY 403).
Most frequently, it is the existence of a confidential relationship which triggers the equitable considerations leading to the imposition of a constructive trust (see Bogert, Trusts and Trustees [2d ed], § 482, p 132; 61 NY Jur, Trusts, § 146, pp 303-304). Although no marital or other family relationship is present in this case, such is not essential for the existence of a confidential relation (see Muller v Sobol, 277 App Div 884 [meretricious relationship]; Bogert, op. cit., § 482, pp 136-147; 1 Scott, op. cit., p 339). The record in this case clearly indicates that a relationship of trust and confidence did exist between the parties and, hence, the defendant must be charged with an *122 obligation not to abuse the trust and confidence placed in her by the plaintiff. The disparity in education between the plaintiff and defendant highlights the degree of dependence of the plaintiff upon the trust and honor of the defendant (see Bogert, op. cit, § 482, p 144, n 20).
Unquestionably, there is a transfer of property here, but the Trial Judge found that the transfer was made "without a promise or understanding of any kind.” Even without an express promise, however, courts of equity have imposed a constructive trust upon property transferred in reliance upon a confidential relationship. In such a situation, a promise may be implied or inferred from the very transaction itself. As Judge Cardozo so eloquently observed: "Though a promise in words was lacking, the whole transaction, it might be found, was 'instinct with an obligation’ imperfectly expressed (Wood v. Duff-Gordon, 222 N. Y. 88, 91)” (Sinclair v Purdy, 235 NY 245, 254, supra; see, also, Janke v Janke, 47 AD2d 445, 448-449, affd 39 NY2d 786, supra; Farano v Stephanelli, 7 AD2d 420). In deciding that a formal writing or express promise was not essential to the application of the doctrine of constructive trust, Judge Cardozo further observed in language that is most fitting in the instant case:
"Here was a man transferring to his sister the only property he had in the world * * * He was doing this, as she admits, in reliance upon her honor. Even if we were to accept her statement that there was no distinct promise to hold for his benefit, the exaction of such a promise, in view of the relation, might well have seemed to be superfluous” (Sinclair v Purdy, supra, p 254).
More recently, in Farano v Stephanelli (7 AD2d 420, 425, supra), Chief Judge Breitel, then writing for the Appellate Division, First Department, followed the Sinclair approach stating that the decision to invoke the remedy of constructive trust "need not be determined exclusively by whether or not the defendant daughters expressed in so many words a promise to reconvey the properties to the father if he should ask”. Indeed, in the case before us, it is inconceivable that plaintiff would convey all of his interest in property which was not only his abode but the very means of his livelihood without at least tacit consent upon the part of the defendant that she would permit him to continue to live on and operate the farm. I would therefore reject the Trial Judge’s conclusion, erroneously termed a finding of fact, that no agreement or limita *123 tion may, as a matter of law, be implied from the circumstances surrounding the transfer of plaintiffs farm.
The salutary purpose of the constructive trust remedy is to prevent unjust enrichment and it is to this requirement that I now turn. The Trial Judge in his findings of fact, concluded that the transfer did not constitute unjust enrichment. In this instance also, a legal conclusion was mistakenly labeled a finding of fact. A person may be deemed to be unjustly enriched if he (or she) has received a benefit, the retention of which would be unjust (Restatement, Restitution, § 1, Comment a). A conclusion that one has been unjustly enriched is essentially a legal inference drawn from the circumstances surrounding the transfer of property and the relationship of the parties. It is a conclusion reached through the application of principles of equity. Having determined that the relationship between plaintiff and defendant in this case is of such a nature as to invoke consideration of the equitable remedy of constructive trust, it remains to be determined whether defendant’s conduct following the transfer of plaintiffs farm was in violation of that relationship and, consequently, resulted in the unjust enrichment of the defendant. This must be determined from the circumstances of the transfer since there is no express promise concerning plaintiffs continued use of the land. Therefore, the case should be remitted to the Appellate Division for a review of the facts. In so doing I would emphasize that the conveyance herein should be interpreted "not literally or irrespective of its setting, but sensibly and broadly with all its human implications” (Sinclair v Purdy, 235 NY 245, 254, supra). This case seems to present the classic example of a situation where equity should intervene to scrutinize a transaction pregnant with opportunity for abuse and unfairness. It was for just this type of case that there evolved equitable principles and remedies to prevent injustices. Equity still lives. To suffer the hands of equity to be bound by misnamed "findings of fact” which are actually conclusions of law and legal inferences drawn from the facts is to ignore and render impotent the rich and vital impact of equity on the common law and, perforce, permit injustice. Universality of law requires equity.
Accordingly, the order of the Appellate Division should be reversed and the case remitted to that court for a review of the facts, or, if it be so advised, in its discretion, to order a new trial in the interests of justice.
*124 Chief Judge Breitel and Judges Wachtler and Fuchsberg concur with Judge Gabrielli; Judges Jasen, Jones and Cooke dissent and vote to affirm in the following memorandum: In view of the affirmed findings of fact that the appellant knowingly and voluntarily conveyed his property without agreement or condition of any kind, express or implied, and with full knowledge of their legal effect, it cannot be said that a constructive trust should be imposed as a matter of law. Although we are sympathetic to the appellant who has been doubly aggrieved by the loss of his wife and property, we are limited to consideration of questions of law and, therefore, in light of the factual findings, would affirm.
Order reversed and the case remitted to the Appellate Division, Fourth Department, for further proceedings in accordance with the opinion herein, with costs to abide the event.