Gabrielli, J. (dissenting).
There should be an affirmance.
We are once again presented with the question of the availability of the remedy of constructive trust in an action for, and based upon, unjust enrichment.
The facts may be briefly stated and are not in serious dispute. Defendant was a widower who lived with his four children in a house which he owned. Plaintiff was a divorcee with three children. The parties met in 1971 and in the summer of that year, became engaged. In connection with their plan for marriage, they discussed living arrangements for their respective families following marriage and it was decided that an extension would be constructed on defendant’s house to provide additional space to accommodate both families. A contractor was engaged in October, 1971 and the work was completed in November of that year.
The cost of adding the extension was $7,900 and from her own funds plaintiff contributed $3,950, or one half of this sum, which, incidentially, was paid directly to the contractor. Both the Trial Judge and the Appellate Division found there was an oral agreement between the parties that defendant would convey a joint interest in the property to the plaintiff in *632 return for her contribution for the enlargement of the house. The parties were married on November 27, 1971 but serious marital problems arose shortly thereafter. On two occasions in the following January, the parties temporarily separated and plaintiff left the marital residence. Ultimately, the parties permanently ceased living together and on February 17, 1972 were divorced. The house in which the parties resided, formal title to which had remained in defendant, was eventually sold by him.
Plaintiff commenced this action alleging, inter alia, that the defendant had been unjustly enriched because he received the benefit of plaintiff’s contribution toward the improvement of the property without making her a co-owner of the property as he had promised. She thus sought to impose a constructive trust on the proceeds of the sale of the house, claiming that defendant’s equity was increased by the improvements, and was granted a judgment, following a nonjury trial, of $3,950 representing the funds she expended for the improvements in what had been the parties’ marital residence. The Appellate Division affirmed.
Recently, in Sharp v Kosmalski (40 NY2d 119, 121), we articulated the rules governing the applicability of the equitable remedy of constructive trust, and we held that there must be (1) a confidential relationship; (2) a promise; (3) a transfer in reliance thereon, and (4) unjust enrichment. The Trial Judge found that "there existed between plaintiff and defendant at the times the oral understanding was reached a relation of trust and confidence by reason of their status of an engaged couple formulating plans for adequate housing for themselves and their children”. This finding was affirmed by the Appellate Division and thus we conclude that the first requirement has been satisfied (see Sharp v Kosmalski, supra, p 121). In addition, there are also affirmed findings of fact that plaintiff tendered funds for the improvements to defendant’s property in reliance on a promise that she would receive a joint interest therein. The parties’ marital problems prevented fulfillment of that promise but defendant, however, retained the benefit of plaintiff’s performance in reliance thereon. Under these circumstances, we agree with the conclusion of the courts below that the defendant was unjustly enriched for he "has received a benefit * * * the retention [of which] would be unjust” (Restatement, Restitution, § 1, Comment a; Sharp v Kosmalski, supra, p 123; see, also, 50 NY Jur, Restitution, § 3).
*633 Defendant contends that plaintiff is not entitled to equitable relief because she abused the parties’ relationship and was the party at fault in the failure of the marriage. He thus argues that the Trial Judge erred in refusing to admit into evidence a contract for the purchase of a home entered into by plaintiff and her former husband on February 3, 1972 and a deed to the premises, dated February 14, 1972, designating plaintiff and her former husband as husband and wife. We agree with the Trial Judge that this proof was collateral. That transaction occurred when the parties’ marital relationship was beyond salvage. The record reveals that plaintiff and defendant, discussed the likelihood of divorce in early January, 1972. It cannot be concluded from the evidence sought to be admitted that plaintiff was the party responsible for the termination of the marriage, or that she did not act in good faith or was guilty of inequitable conduct toward the defendant (see, generally, 20 NY Jur, Equity, §§ 103-104, 107). Thus, the equitable maxim of "clean hands” may not be here invoked to bar plaintiff from obtaining relief in equity.
The determination here does not require or entail a moral judgment that one or the other party is at fault but merely that there has been an irreconcilable breakdown of the parties’ relationship. The majority and dissenters are not at odds regarding the applicable legal principles, and the majority concede that misconduct on the part of the plaintiff, if such there be, does not foreclose recovery based on unjust enrichment. Nonetheless, the majority embark upon an analysis of the facts, replete with conjecture as to the "possible grievous” misconduct of the plaintiff, and casting defendant in the role of the abandoned or injured spouse at a point when the parties’ relationship, for whatever reason, had proceeded beyond the point of reconciliation. As the philosopher Pascal wrote, "love has its reasons which reason cannot know”. It is not our task, as the majority recognize, to evaluate and weigh the reasons why the parties’ marriage failed. Rather, I only conclude that it would result in unjust enrichment to permit the defendant to retain the sums advanced by the plaintiff for improvements to the defendant’s property on the unfulfilled understanding that the parties and their children would reside there together and that plaintiff would receive a joint interest in the property.
The majority intimate that there should be evidence that the defendant’s house actually increased in value in order for *634 plaintiff to recover. However, it is important to note that the courts below awarded plaintiff only the sum she advanced for the cost of the addition on the house, a sum of money which no one can deny clearly enriched the defendant. It is axiomatic that "[i]n an action in restitution in which the benefit received was money, the measure of recovery for this benefit is the amount of money received” (Restatement, Restitution, § 150, Comment a). Thus, it is irrelevant whether defendant’s house increased, or for that matter decreased, in value following the addition.
Judges Jasen, Jones, Wachtler and Cooke concur with Chief Judge Breitel; Judge Gabrielli dissents and votes to affirm in a separate opinion in which Judge Fuchsberg concurs.
Order reversed, etc.