■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLEN WARREN, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered November 17, 1977, convicting him of robbery in the first degree and burglary in the second degree (two counts), upon a jury verdict, and imposing sentence. Judgment affirmed. We have sent for and examined the minutes of the prior proceedings in which defendant pleaded guilty to attempted robbery in the third degree, and as a result of which he was sentenced as a second felony offender in this case. Those minutes conclusively refute the claim that he was not given the allocution required by Boykin v Alabama (395 US 238). The other contentions urged by defendant are entirely devoid of merit. Titone, J. P., Shapiro, Cohalan and Margett, JJ., concur.

## (November 27, 1978)

■ LEONARD BACHMANN, as Executor of CATHERINE M. ROESCH, Also Known as CATHERINE M. BACHMANN, Deceased, Respondent, v MARY CSORBA et al., Defendants, and PAUL CSORBA et al., Appellants.—In an action, inter alia, to recover moneys wrongfully taken from plaintiff and to impress a constructive trust on certain real property, defendants Paul and Gail Csorba appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Suffolk County, entered May 12, 1977, as, after a nonjury trial, (1) determined that plaintiff was entitled to the moneys deposited by the Walt Whitman Savings and Loan Association with the county treasurer "to the credit of this action", (2) directed them to pay to plaintiff the sum of $50,000 or, in the alternative, deliver to plaintiff a good and sufficient deed conveying title to the property in question, (3) ordered that plaintiff recover from them the sum of $9,000, less $3,000 credit for their "time and energy" in having the house built, and (4) directed them to permit plaintiff to pick up her personal effects which were left in the house. Judgment affirmed insofar as appealed from, with costs. Special Term correctly determined that the retention by appellants of the funds given to them, under the circumstances developed at the trial, would amount to an unjust enrichment (see Sharp v Kosmalski, 40 NY2d 119; Matter of Philippson, 92 Misc 2d 84). Latham, J. P., Suozzi, Gulotta, Shapiro and Cohalan, JJ., concur.