■ WHITE EAGLE HALL CO., INC., Appellant, v HENRY SAFAY et al., Respondents.—In an action, *inter alia,* to recover damages for breach of a contract for the sale of real property, the plaintiff appeals from an order of the Supreme Court, Kings County (Shaw, J.), dated April 15, 1986, which granted the

defendants' motion for summary judgment and denied its cross motion for summary judgment.

Ordered that the order is modified, on the law, by deleting therefrom the provision which granted the motion and by substituting therefor a provision denying the motion; as so modified, the order is affirmed, with costs to the plaintiff.

The plaintiff was the owner of real property, improved with a large catering hall and parking lot located in Brooklyn. In 1968, Polish National Alliance of Brooklyn, U.S.A. (hereinafter PNA) loaned $50,000 to the plaintiff and took back a mortgage on the subject property. In early 1976, the plaintiff defaulted on the loan and PNA commenced a foreclosure action against it. Despite the plaintiff's default in answering the complaint, PNA agreed to accept interest payments and to withhold further prosecution of the action in order to provide the plaintiff with an opportunity to resolve its financial difficulties.

Pursuant to a contract of sale dated May 22, 1981, the plaintiff agreed to sell the subject property to the defendants for the sum of $260,000 with a down payment of $26,000. In paragraph 8 of the rider to the contract, the defendants acknowledged "that the mortgage on the premises is in default and that there is presently outstanding a foreclosure action". Paragraph 8 of the rider to the contract also provided as follows: "In the event that it is determined that a foreclosure sale will be conducted prior to the closing of title, the Purchaser[s] obligate * * * themselves to either satisfy said mortgage or purchase said mortgage for their own account". The defendants recorded the contract of sale in the County Clerk's office in June 1981. As of that date, the notice of pendency filed against the property by PNA in 1977 had expired. A new notice was not filed until August 1981.

Thereafter, PNA resumed prosecution of the foreclosure action when the plaintiff defaulted in making the interest payments. However, PNA never joined the defendants herein as party defendants in the foreclosure action. A judgment of foreclosure and sale was thereafter entered. Upon the failure of the defendants to satisfy the mortgage or purchase it, as they were required to do by the contract between the plaintiff and the defendants, PNA purchased the property at a foreclosure sale held on October 28, 1981. PNA immediately assigned its successful bid to one Halkias, who subsequently received delivery of the Referee's deed.

In ensuing litigation, it was determined, first by a decision

of this court in *Polish Natl. Alliance v White Eagle Hall Co.* (98 AD2d 400) and then by a subsequent order of the Supreme Court, Kings County, that the foreclosure sale was in all respects valid as against the plaintiff. However, in *Polish Natl. Alliance v White Eagle Hall Co. (supra,* at 406), this court held that the defendants herein were necessary, if not indispensable, parties to the foreclosure action, and that, in the absence of their joinder in the foreclosure action, their rights (as contrasted with those of the plaintiff), were "unaffected by the judgment of foreclosure and sale".

In addition, an action by the defendants herein, as plaintiffs, against Halkias, to clear title to the subject property, was settled in April 1985. Pursuant to the settlement, the defendants herein waived any claim to the property, and, in exchange, received from Halkias the principal sum of $300,000, plus the sum of $69,179 which the defendants had paid to redeem the property from a tax foreclosure sale, pursuant to their obligation under paragraph 8 of the rider to their contract with the plaintiff.

The instant action was commenced by the plaintiff in September 1985 against the defendants to recover, *inter alia,* damages for breach of contract. After joinder of issue, the defendants moved and the plaintiff cross-moved for summary judgment.

In their motion for summary judgment, the defendants argued, *inter alia,* that the title of the plaintiff to the subject property was "extinguished by virtue of the foreclosure sale" and that the plaintiff was "unable to deliver anything of value".

In its cross motion for summary judgment, the plaintiff's counsel argued, *inter alia,* that: "Plaintiff lost title because defendants failed to satisfy the mortgage and stop the foreclosure action. Thus, defendants' claim they do not have to pay plaintiff because plaintiff does not have title is the most outrageous claim of 1985. These defendants promised to satisfy the very mortgage that was foreclosed. These very defendants by their breach of agreement took plaintiff out of title and now have the nerve to say plaintiff cannot deliver title".

Again, in support of the plaintiff's cross motion for summary judgment, the plaintiff's president referred to the defendants' obligation pursuant to paragraph 8 of the rider to the contract dated May 22, 1981, and argued:

"Thus, while defendants knew plaintiffs rights were liable to be cut off they completely failed to comply with their duty

under the contract, to wit: to satisfy the mortgage. This failure constitutes a cause of action and defendants do not deny they failed to perform their duty. I believe that this is an open and shut case of breach of agreement by defendants so not only must their motion be denied, but that plaintiff should be granted summary judgment.

"Note—the purchaser obligated itself to satisfy the mortgage and failed to so do before the referee's sale, thereby creating the loss suffered by plaintiff.

"Had defendants not so agreed plaintiff would have sold to another or refinanced to satisfy the mortgage. This was a material promise and condition to the contract".

The Supreme Court, Kings County, granted the defendants' motion for summary judgment and denied the plaintiff's cross motion for summary judgment, holding: "The court dismissed the claim of White Eagle Hall and upheld the foreclosure sale. Thus plaintiff was completely divested of title to said premises and is unable to perform in accordance with the contract of sale. In fact, plaintiff has nothing to sell and therefore has no right to retain the down payment on the contract or have its escrowee attorney Mitchell S. Chmielewski withhold such funds from defendants."

We disagree with the reasoning employed, and the result reached by the Supreme Court, Kings County.

The thrust of the plaintiff's argument was that it lost title to the subject property because of the defendants' breach of their duty, pursuant to paragraph 8 of the rider to the contract dated May 22, 1981, to satisfy the mortgage or purchase the mortgage, in the event that "it is determined" that a foreclosure sale was to be conducted prior to the closing of title. The contract's language indicates that knowledge of the foreclosure sale triggered the defendants' obligation under the contract. However, the contract is ambiguous as to which of the parties to the contract had the duty to ascertain when the foreclosure sale was going to take place. For instance, if it was the plaintiff's duty to determine that a foreclosure sale had been scheduled and to advise the defendants of same, then the plaintiff could not recover since it did not fulfill that duty. If, on the other hand, it was the defendants' duty to ascertain when the sale was to take place and to then satisfy or purchase the mortgage (which they concededly did not do) then the plaintiff could recover. In order to resolve this question, a trial is necessary so that a full exploration of the parties' intent and their conduct can be made.

We have reviewed the plaintiff's remaining contentions and find them to be without merit (see, McGrath v Hilding, 41 NY2d 625; Sharp v Kosmalski, 40 NY2d 119; Naimoli v Massa, 81 Misc 2d 431). Mangano, J. P., Bracken, Eiber and Harwood, JJ., concur.