■ In the Matter of PAUL D. ARNOLD, Deceased. CHARLES C. ARNOLD, Respondent; RENATE A. DHUNJISHAW et al., Appellants.—In a proceeding pursuant to SCPA 1803 to recover monies due from an estate, the executors appeal from an order of the Surrogate's Court, Dutchess County (Benson, S.), entered January 5, 1990, which denied their motion for summary judgment dismissing the claim.

Ordered that the order is affirmed, with costs payable by the estate.

Paul Dean Arnold (hereinafter Dean), the founder of Arnold Bakers, Inc., died on April 4, 1985. Letters testamentary were issued to the executors Renate Arnold Dhunjishaw, Behram Dhunjishaw, and Sheldon Cutler, the appellants in this proceeding (hereinafter the executors). Dean left his brother, the claimant Charles "Ted" C. Arnold (hereinafter Ted), personal property consisting primarily of artworks. Dean left the rest of his estate to his wife, Renate Arnold Dhunjishaw. Ted filed an affidavit of claimant pursuant to SCPA 1803 against Dean's estate on November 18, 1985, for $174,067. Ted sought, among other things, the imposition of a constructive trust in connection with his transfer of nine percent of his Arnold Bakers stock to his sister, Joan Baldwin, in 1944. Ted alleged that he had only transferred his stock to Joan to provide her with a form of income due to his brother Dean's oral and written assurances from 1944 until his death that the stock value would be returned to Ted through Dean's will in the event that it was not returned sooner. The Surrogate's Court denied the executors' motion for summary judgment on the ground that Ted had established a prima facie case for the imposition of a constructive trust. We affirm.

Although the constructive trust doctrine is not rigidly limited, the factors of (1) a confidential or fiduciary relationship, (2) a promise, (3) a transfer in reliance thereon, and (4) unjust enrichment have been posited as useful *(see, Simonds v Simonds,* 45 NY2d 233). Ted has established that he and Dean were brothers who created and developed a business together over several decades *(see, Sharp v Kosmalski,* 40 NY2d 119). Ted has also presented documentary evidence to establish that he transferred his stock in reliance on Dean's promise to return the value of the stock to Ted by means of Dean's will if not earlier *(see, Sharp v Kosmalski, supra).* Since Dean's estate

would be unjustly enriched if it were permitted to retain the value of Ted's stock, we find that the Surrogate's Court properly found that Ted had established a prima facie case for the imposition of a constructive trust *(Sharp v Kosmalski, supra,* at 123).

Contrary to the contention of the executors, Ted's claim is not barred by the Statute of Limitations. The Statute of Limitations for the imposition of a constructive trust is six years *(see, Loengard v Santa Fe Indus.,* 70 NY2d 262). The cause of action accrues from the time of the wrongful withholding *(see, Scheuer v Scheuer,* 308 NY 447; *Augustine v Szwed,* 77 AD2d 298). Dean agreed to return the value of the stock to Ted by means of his will in the event that it was not returned sooner. It was only when Dean's will was admitted to probate on April 25, 1985, that the stock was wrongfully withheld from Ted. Since Ted filed an affidavit of claimant on November 18, 1985, his action is well within the period of the Statute of Limitations.

Contrary to the contention of the executors, Dean's bequest of personal property to Ted does not bar Ted from asserting a claim pursuant to SCPA 1803 *(cf., Oursler v Armstrong,* 10 NY2d 385).

Contrary to the contention of the executors, Ted's actions from 1944 until Dean's death did not constitute a waiver or estop him from asserting the present claim. Ted's actions were consistent with his right to enforce Dean's promise for the return of his stock.

We have examined the executors' remaining contentions and find them to be without merit. Thompson, J. P., Eiber, Miller and Ritter, JJ., concur.