■ MARY HAZLETT et al., Respondents, v SHIRLEY FUSCO, Appellant.—Mahoney, P. J. Appeal from a judgment of the Supreme Court (Harris, J.), entered September 21, 1990 in Albany County, upon a decision of the court in favor of plaintiffs.

In 1982 Carmella Fusco executed a will that left nearly all of her estate to her three daughters, plaintiffs Mary Hazlett,

Katherine Iacobucci and Virginia Pulaski (in shares of 20% each), her son Carmine Fusco (20%), and her great grandchildren, plaintiffs Jason Raymer and Candace Raymer (20% to be shared between them). Thereafter, family discussions were held at which it was agreed that Carmine would develop a portion of Carmella's property and divide the profits according to the distribution outlined in her will. In 1983 those discussions resulted in the transfer of a parcel of real property in the Town of Guilderland, Albany County, to Carmine, who following Carmella's death in January 1984 effected several sales of portions of the property and, accordingly, divided the proceeds among himself and his sisters, with a share being set aside for the great grandchildren. It also appears there was no dispute concerning those distributions or the sales of the property until after Carmine died in November 1985. Carmine devised the remaining portion of the property to defendant, his wife, who thereafter realized income from prior sales of property by her husband and from sales she made herself.

Defendant, however, made no distribution of those proceeds and plaintiffs commenced this action to impose a constructive trust on the proceeds from those sales in defendant's possession. After a nonjury trial at which Carmella's attorney testified as to the agreement between Carmella and Carmine regarding the property, Supreme Court found in favor of plaintiffs and awarded restitution in the sum of $240,975 plus interest. This appeal by defendant ensued.

There should be an affirmance. First, we reject defendant's argument that Supreme Court erred in admitting, over defendant's objection, testimony of Carmella's attorney on the ground that such testimony contained privileged information. Accepting the premise that all the parties present at the meeting between Carmella and her attorney that gave rise to the testimony at issue were also clients of that attorney, we find no attorney-client privilege that would bar the admissability of such testimony (see, Wallace v Wallace, 216 NY 28; 5 Weinstein-Korn-Miller, NY Civ Prac ¶ 4503.07). Conversely, if any of those present were not a client of the attorney, no privilege would exist as to them because their communications would not be confidential (see, Finn v Morgan, 46 AD2d 229, 234-235; 5 Weinstein-Korn-Miller, NY Civ Prac ¶ 4503.16). Accordingly, we conclude that the testimony of Carmella's attorney was properly admitted.

Next, we find meritless defendant's contention that plaintiffs failed to establish the essential elements of a constructive trust. Such trust is properly imposed when there exists "(1) a

confidential or fiduciary relation, (2) a promise, (3) a transfer in reliance thereon and (4) unjust enrichment" *(Sharp v Kosmalski,* 40 NY2d 119, 121; *accord, Mendel v Hewitt,* 161 AD2d 849, 850). Defendant does not dispute that a confidential relationship existed between Carmine and Carmella, his mother, and the testimony established that Carmine promised her that he would distribute the proceeds of the property to the members of the Fusco family. The testimony further established that Carmella transferred the property in reliance upon that promise. Against this testimonial background we are constrained to find that Carmine would have been unjustly enriched had he kept all of the proceeds from the sales of the property and that a constructive trust would have been created if he had not died *(see, Sharp v Kosmalski, supra).* Here, however, the assets, or the proceeds from the sale thereof, are in the hands of defendant who arguably may not have been in a confidential relationship with Carmella. Nevertheless, the beneficiaries of a constructive trust have the option of tracing the trust property or proceeds therefrom into the hands of third parties not involved in the relationships that initially gave rise to the constructive trust if unjust enrichment would otherwise result and the third party is not a bona fide purchaser *(see, Rogers v Rogers,* 63 NY2d 582, 585-586).

Here, defendant took the property as a testamentary beneficiary and was fully aware of Carmine's arrangements with Carmella. Given that defendant had notice of Carmella's intention that her assets be ultimately distributed among all her heirs and because it would be unjust to permit defendant to retain these assets, the imposition of a constructive trust and the requirement that defendant make restitution were appropriate.

We have examined defendant's remaining arguments and find them meritless.

Casey, Mikoll, Mercure and Crew III, JJ., concur. Ordered that the judgment is affirmed, with costs.