■ SUSAN S. DANZA, Appellant, v STEVEN A. DANZA, Respondent. [635 NYS2d 68] —In an action, *inter alia,* to impose a constructive trust on certain real property, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Dye, J.), dated July 12, 1994, as granted the branch of the defendant's motion which was for summary judgment dismissing the complaint as against him as Executor of the Estate of Rudolph Danza.

Ordered that the order is reversed insofar as appealed from, with costs, and the branch of the defendant's motion which was for summary judgment dismissing the complaint as against him as Executor of the Estate of Rudolph Danza is denied.

The plaintiff and Rudolph T. Danza, the defendant's decedent, were romantically involved for approximately 10 years. The plaintiff commenced this action, *inter alia,* to impose a constructive trust on certain real property she alleges she helped the decedent purchase in 1985 based on his promise that she would be a joint owner of the property with the right of survivorship. The defendant, the executor of the decedent's estate, moved for summary judgment, arguing, *inter alia,* that all payments made toward the purchase of the property were drawn from the decedent's personal account, which was identified by number. Thus, he argued, the plaintiff failed to establish two of the elements needed for the imposition of a constructive trust; that she made a transfer in reliance on the

decedent's promise and that the decedent was unjustly enriched *(see, Sharp v Kosmalski,* 40 NY2d 119). However, in response to the motion, the plaintiff averred that she was joint owner of the named account and that the down payment came from that account. She also proffered a bank signature card bearing the named account's number that was signed by both she and the decedent. Accordingly, the plaintiff raised a triable issue of fact as to whether she had stated a cause of action for the imposition of a constructive trust and summary judgment should not have been granted to the defendant *(see, Zuckerman v City of New York,* 49 NY2d 557). Bracken, J. P., O'Brien, Ritter, Friedmann and Goldstein, JJ., concur.