■ HOWARD DEAN, Appellant, v ROBERT DILLON et al., Respondents. (Action No. 1.) ROBERT DILLON et al., Respondents, v HOWARD DEAN, Appellant, et al., Defendants. (Action No. 2.) BLACK GOLD OIL CORP. et al., Respondents, v HOWARD DEAN, Appellant. (Action No. 3.) [650 NYS2d 775] —In three related actions, inter alia, to impose a constructive trust on real property and to declare that Howard Dean is a 50% shareholder in certain corporations and to enforce his rights as a shareholder, Howard Dean appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Rockland County (Zeck, R.), dated September 13, 1995, as imposed a constructive trust on certain real property and appointed a temporary receiver for the property, and declared that the "sale of the lease for the Valley Cottage Texaco Station by DAP Oil Corp. to Kev-Char., Inc., was made lawfully and the valuation of $20,000 was not inappropriate".

Ordered that the judgment is modified by deleting the provision thereof which found that the "sale of the lease for the Valley Cottage Texaco Station by DAP Oil Corp. to Kev-Char., Inc. was made lawfully, and the valuation of $20,000 was not inappropriate"; as so modified, the judgment is affirmed insofar as appealed from, with costs to the respondents Robert Dillon and Kevin Dillon, and the matter is remitted to the Supreme Court, Rockland County, for further proceedings.

The Supreme Court properly imposed a constructive trust on the real property located at 412 Route 59, West Nyack, in favor of the respondents Robert Dillon and Kevin Dillon (see, Sharp v Kosmalski, 40 NY2d 119). Notwithstanding the appellant's contention on appeal that a constructive trust was improper in this case because legal title to the property was held by a third party not involved in the litigation, the law is clear that the

equitable remedy of a constructive trust may be imposed " '[w]hen property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest' " *(Sharp v Kosmalski, supra,* at 121, quoting *Beatty v Guggenheim Exploration Co.,* 225 NY 380, 386; *see also, Hazlet v Fusco,* 177 AD2d 813). Moreover, under the circumstances presented here, the appointment of a temporary receiver for the real property was appropriate. However, the appellant correctly contends that the record does not support the Supreme Court's finding that "the sale of the lease for the Valley Cottage Texaco Station by DAP Oil Corp. to Kev-Char., Inc. was made lawfully, and the valuation of $20,000 was not inappropriate". To the contrary, the facts indicate that Kev-Char., Inc., did not pay any consideration for the Valley Cottage Texaco Station lease. Accordingly, in connection with the shareholder's derivitive action, the appellant may present evidence against the directors and officers of DAP Oil Corp. with respect to the transfer of the Valley Cottage Texaco Station lease.

The appellant's remaining contentions are without merit. Mangano, P. J., Miller, Ritter and Thompson, JJ., concur.