OPINION OF THE COURT
John J.J. Jones, Jr., J.
Ordered, that this motion by defendant, Jacques-Andre Istel, sued in the action as Jacques Istel, for an order granting summary judgment dismissing the complaint is granted and the complaint is hereby dismissed, with costs and disbursements; *36 and it is further ordered that, upon service of a copy of this order with notice of entry upon the Suffolk County Clerk, the notice of pendency filed against the subject premises on or about May 29, 1997 shall be cancelled.
Plaintiff in this action, Yves-Andre Istel, seeks the imposition of a constructive trust upon certain property located in Wainscott, Suffolk County, which was conveyed in 1967 to defendant by plaintiffs wife at the time, Nancy L. Istel. It is alleged in the complaint that the conveyance was in part a gift made on November 7, 1967, the defendant’s birthday, as the price paid by defendant for the two-acre parcel was less than its market value. Plaintiff also alleges that defendant orally promised that, if at any time he wished to dispose of the property, he would convey it to plaintiff at cost plus interest so that the property would be maintained within the family. Plaintiff has submitted affidavits from two former wives to support his contention that the defendant orally agreed to this condition on the transfer of the property. Defendant disputes that any oral understanding was entered into when the property was conveyed. He now moves for an order granting summary judgment in his favor on the ground that there are no triable issues of fact sufficient to support plaintiffs claim for the imposition of a constructive trust on the property. Plaintiff has opposed the application.
It is undisputed that in 1965 Nancy Istel, the former wife of plaintiff, purchased a rectangular parcel of property consisting of approximately 24 acres which extended north from the ocean toward Main Street, Wainscott. Tax stamps in the amount of $180.40 were paid, indicating that the purchase price was $164,000, or an average of $6,902 per acre. It is plaintiffs contention that, although title to the property was placed in the name of his former wife, he was the beneficial owner and, upon their divorce in 1984, title was transferred to him. In 1966, Ms. Istel sold approximately three acres of property to one Roger Sheldon at a cost of approximately $7,600 per acre. On November 29, 1967, she sold approximately one acre of the parcel to one Mary Bailey Gimbel for $7,000. On the same day, she sold almost four acres to one Harold Becker at a cost of $9,750 to $9,966 per acre.
Based on the copy of the deed which was submitted as an exhibit with the defendant’s motion papers, the conveyance to defendant was also made on November 29, 1967. While the defendant claims that he paid $13,000 for the parcel, the deed itself indicates that tax stamps of $11 were paid, evidencing a *37 purchase price of $10,000, or approximately $5,000 per acre. Plaintiff asserts that he conveyed the two-acre parcel to his brother, the defendant, in 1967 because he needed funds for the construction and furnishing of his home and he wanted a place for his extended family to gather and live in close proximity. He claims that, notwithstanding the tax stamp valuation of a purchase price of $10,000, only $5,000 was paid by the defendant for the property. As was previously noted by the court, defendant disputes that there was any understanding between him and his brother relating to the disposition of the property. There is no dispute, however, that title to the property has remained with the defendant for approximately 30 years, and that he has paid the real property taxes on the property during such time. It is defendant’s present intention to sell the property for its present market value of approximately $1 million.
The record also demonstrates that in 1975 Nancy Istel sold to one George Mittendorf approximately two acres situated directly between defendant’s parcel and plaintiff’s oceanfront property. Plaintiff asserts, however, and Ms. Istel confirms, that the transfer of such property was made by Nancy Istel without the knowledge or consent of the plaintiff.
It is well settled that the four factors necessary to impose a constructive trust are: (1) a confidential or fiduciary relationship; (2) a promise, express or implied; (3) a transfer in reliance on that promise; and (4) unjust enrichment (see, Byrd v Brown, 208 AD2d 582, 583 [2d Dept 1994], citing Sharp v Kosmalski, 40 NY2d 119, 121 [1976]). While the affidavits submitted on behalf of the plaintiff raise issues of fact as to the first three factors required for the imposition of a constructive trust, plaintiff failed to produce evidentiary proof sufficient to require a trial of material questions of fact on whether the defendant was unjustly enriched by the transfer of the property (see, Frank Corp. v Federal Ins. Co., 70 NY2d 966 [1988]).
A person may be deemed to be unjustly enriched if he has received a benefit, the retention of which would be unjust (Sharp v Kosmalski, 40 NY2d 119, 123, supra). A conclusion that one has been unjustly enriched is essentially a legal inference drawn from the circumstances surrounding the transfer of property and the relationship of the parties (Sharp v Kosmalski, supra). Applying these principles to the circumstances of this case, the court finds that the facts are insufficient to demonstrate that the defendant was unjustly enriched by the original transfer of the property to him or that he would be unjustly enriched if he were to sell the property which he has owned for *38 the current market price. Assuming for the purposes of this motion that the plaintiff was the beneficial owner of the property at the time of the transfer to the defendant, the argument that somehow the defendant will be unjustly enriched if he were to benefit from the appreciation in value of his property is without merit, especially in view of the fact that the plaintiff himself has reaped the benefits of appreciated value on other parcels. Furthermore, evidence of enrichment alone is not enough to invoke the equitable powers of the court, as it is critical that under the circumstances and as between the two parties to the transaction the enrichment be unjust (Whalen v Harvey, 235 AD2d 792 [3d Dept 1997]). The undisputed evidence before the court demonstrates that the defendant gave value for the property, that he has continuously owned the property for 30 years and that he, not the plaintiff, has paid the real property taxes during his period of ownership. Moreover, plaintiff’s claim that a disposition of defendant’s property would frustrate plaintiff’s intention to preserve the property for family purposes is also meritless, as the property presently held by the defendant was separated from the family estate when the Mittendorf parcel was conveyed. Unlike those situations in which a constructive trust was erected to satisfy the demands of justice (see, e.g., Nockelun v Sawicki, 197 AD2d 507 [2d Dept 1993]; see also, Jacobs v Abramoff, 148 AD2d 497 [2d Dept 1989]), the evidence before this court is legally insufficient to support a claim that the imposition of a constructive trust is warranted to prevent unjust enrichment (see, Copland v Summ, 228 AD2d 409 [2d Dept 1996]; see also, Bontecou v Goldman, 103 AD2d 732 [2d Dept 1984]).
In view of the foregoing, defendant’s contention relating to the necessity of joining Nancy L. Istel as a party to the action is rendered moot.