OPINION OF THE COURT
Richard F. Braun, J.
This is an action for reformation of title documents and to *299 impress a constructive trust, in relation to two pieces of real property, a motor vehicle, and securities and bank accounts. Defendant counterclaimed for partition of the real estate, an accounting, and damages for breach of contract, unjust enrichment, and conversion. Plaintiff moved for summary judgment on her complaint and to dismiss the counterclaims. Defendant cross-moved for summary judgment on her first, second, and third counterclaims, and for leave to discontinue her sixth counterclaim for conversion, pursuant to CPLR 3217 (b). By stipulation, the sixth counterclaim and the corresponding branch of the cross motion for a discontinuance of that counterclaim were withdrawn.
Plaintiff and defendant met in September 1996 and in October of that year began living together in plaintiff’s home. They had a loving relationship as domestic partners, although they never registered with the City Clerk as such partners, pursuant to Administrative Code of the City of New York § 3-241. In September 1999, their domestic partnership relationship ended, and plaintiff and defendant no longer reside together.
In or about November 1996, plaintiff opened a joint checking account and a joint money market account at Republic National Bank for defendant and her, to which plaintiff made most but not all of the contributions. On July 28, 1997, plaintiff purchased a condominium apartment in Manhattan with her funds and credit. Title to the condo unit was placed in the names of both plaintiff and defendant. On April 3, 1998, plaintiff and defendant opened a joint account at Solomon Smith Barney with plaintiff’s funds. On October 23, 1998, plaintiff bought a house in East Hampton with her own funds and credit. Again, title was put in both plaintiffs and defendant’s names. On February 8, 1999, plaintiff transferred funds from her account at Prudential Securities Incorporated (Prudential) to a joint account for both her and defendant. In or about March 1999, plaintiff bought a 1999 Ford Explorer, with no financial contribution from defendant, and plaintiff and defendant also took joint title thereof.
Plaintiff claims that the titles were stated the way that they were so as to protect defendant in case something happened to plaintiff, because defendant had few assets as compared to plaintiff and a much smaller income than plaintiff. Plaintiff further contends that they agreed that plaintiff would own the joint assets, that defendant had nominal joint title thereto in constructive trust for plaintiff, and that defendant would *300 convey the assets to plaintiff upon her request. No such agreement was ever put in writing. Defendant specifically and adamantly disputes that there was any such agreement, or any promise or representation to those effects. Defendant contends that plaintiff took over $400,000 out of the Solomon Smith Barney and Prudential accounts without defendant’s consent, and wants an accounting from plaintiff of the funds.
Plaintiff executed a deed, dated November 19, 1999, as to the Manhattan condominium, severing the joint tenancy with defendant and filed the deed with the County Clerk in New York County. Plaintiff also executed such a deed of the same date for the East Hampton property, which she filed with the County Clerk for Suffolk County. Defendant did not execute those deeds.
This dispute typifies the legal difficulties in relation to property which lesbian and gay couples face. Because New York State does not afford them a legal right to marry, they must use contractual, statutory, common law, and equitable vehicles to protect their interests in property. Here, the failure of plaintiff and defendant to have executed any documents specifying any changes that would occur in their respective rights to the properties at issue in the event of a dissolution of the relationship of plaintiff and defendant (admittedly anti-romantic, akin to a prenuptial agreement) leaves them in the position of needing to have a court determine their rights at law and in equity.
Contrary to defendant’s argument, just because plaintiff did not choose another method to afford some financial protection for defendant (such as by way of a will), that does not mean that plaintiff cannot obtain the relief which she is seeking. A constructive trust as to property may be imposed in favor of a person to prevent another person from being unjustly enriched (Simonds v Simonds, 45 NY2d 233, 242 [1978]). A court of equity may impose a constructive trust based on a confidential relationship, which can grow out of a marital or other family relationship, such as the one here (see, Sharp v Kosmalski, 40 NY2d 119, 121 [1976]). Such a trust may be imposed upon a showing of the following four factors enumerated in Sharp v Kosmalski “(1) a confidential or fiduciary relation, (2) a promise, (3) a transfer in reliance thereon and (4) unjust enrichment” (40 NY2d, supra, at 121), although the factors are not necessarily determinative for imposition of a constructive trust (Simonds v Simonds, 45 NY2d, supra, at 241).
One of the four factors under Sharp v Kosmalski is undisputed here: that there was a confidential or fiduciary relation *301 ship between the parties. There are questions of fact as to the other three in light of plaintiffs assertions as to the agreements between her and defendant regarding the establishment of title to the various properties, and defendant’s specific denials. Furthermore, defendant states that part of the agreed relationship between plaintiff and her was that she would not work but would devote part of her time to caring for their properties, including maintaining and repairing the real properties, and trading on the securities accounts. Further, defendant did contribute some money to the checking and money market accounts. Thus, defendant may not have been unjustly enriched, or at least not to the extent that plaintiff claims.
As to the November 19, 1999 severance deeds, Real Property Law § 240-c (1) (b) and (2) provide:
“1. In addition to any other means by which a joint tenancy with right of survivorship may be severed, a joint tenant may unilaterally sever a joint tenancy in real property without consent of any non-severing joint tenant or tenants by * * *
“(b) Execution of a written instrument that evidences the intent to sever the joint tenancy, including a deed that names the severing tenant as the direct grantee of the severing tenant’s interest.
“2. No severance of a joint tenancy pursuant to subdivision one of this section shall terminate the right of survivorship of any non-severing joint tenant or tenants as to the severing tenant’s interest unless the deed or written instrument effecting the severance is recorded, prior to the death of the severing tenant, in the county where the real property is located.”
Plaintiff has complied with those provisions. Contrary to defendant’s argument that, in doing so, plaintiff recognized defendant’s interests in the condominium and East Hampton property, defendant is wrong. Plaintiffs execution and filing of the deeds only cut off defendant’s right of survivorship as to the two real properties. That was plaintiffs way of preventing defendant from having such a right when plaintiff dies and of changing defendant’s interests in the real estate, at most, into a tenancy in common.
Although plaintiff ultimately may be able to prove that a constructive trust should be imposed in her favor, or conversely defendant may be able to succeed on her claims for partition, breach of contract, and/or unjust enrichment, there are questions of fact pertaining thereto. Plaintiff has not shown that she is entitled to reformation of the title documents (see, Chimart Assocs. v Paul, 66 NY2d 570, 573 [1986]). Thus, sum *302 mary judgment cannot be awarded to plaintiff on the complaint, or to either party as to defendant’s first and second counterclaims for partition, fourth counterclaim for breach of contract, or fifth counterclaim for unjust enrichment.
Defendant has not shown a need for an accounting, which is the relief requested in her third counterclaim. If defendant is entitled to half of the proceeds of the accounts at issue, it is immaterial what plaintiff did with any proceeds that she may have taken from the accounts (unless she gave the proceeds to defendant, which is not claimed here). The total amounts of each account should be determinable through discovery, in order to arrive at each party’s equal share if defendant succeeds in this action on her claims as to the jointly held accounts.
Thus, both motions should be denied, and plaintiff and defendant given the opportunity to prove their respective positions at trial.