OPINION OF THE COURT
Memorandum.
Judgment affirmed without costs.
*71 At trial, plaintiff testified that she gave decedent, her son, and defendant, her daughter-in-law, the sum of $24,500 as a gift towards the purchase of a house. Plaintiff also testified that the money was given as a gift with the understanding that she would live at said premises. After the house was purchased, plaintiff’s son died in the house. Plaintiff testified that due to the tragic death, she could not and would not move into the house. Defendant thereafter sold the house. Plaintiff commenced the instant action to recover the sum of $24,500 on several theories of recovery including unjust enrichment. At the close of plaintiffs case, the court dismissed the action. We affirm.
“A person may be deemed to be unjustly enriched if he (or she) has received a benefit, the retention of which would be unjust (Restatement, Restitution, § 1, Comment a). A conclusion that one has been unjustly enriched is essentially a legal inference drawn from the circumstances surrounding the transfer of property and the relationship of the parties. It is a conclusion reached through the application of principles of equity” (Sharp v Kosmalski, 40 NY2d 119, 123).
In the instant case, plaintiffs testimony established that the transfer of funds was a gift for the purpose of purchasing a house with the understanding that plaintiff would live there. It is uncontroverted that said funds were in fact utilized towards the purchase of the house in compliance with the condition attached to the gift. Assuming arguendo that plaintiff’s gift can also be deemed conditioned upon plaintiff moving into the house, it was neither alleged nor proved that defendant defeated the fulfillment of plaintiffs expectation that she would live there. Rather, plaintiff herself confirmed at several junctures at trial that she would not live at the house, and that this was communicated to defendant. Under the circumstances, plaintiffs proof was insufficient to establish her claim that the retention of the monies constituted unjust enrichment. Accordingly, the dismissal of the complaint at the close of plaintiffs case was proper.