■ JPMORGAN CHASE BANK, Appellant, v LARRY ORLEANS et al., Respondents, et al., Defendant. [857 NYS2d 523]—

Order, Supreme Court, New York County (Karla Moskowitz, J.), entered on February 1, 2007, which, insofar as appealed from as limited by the briefs, granted defendants-respondents' cross motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.

Plaintiff alleges that defendants provided various gifts, such as small electronic items and furniture, to its employee, a named defendant who has defaulted in the action, to induce her to order an inordinate amount of office supplies from a now bankrupt company that was owned by one defendant and employed the other as a commission salesperson. Plaintiff contends that the company's invoices for the products ordered by the employee were fraudulent because they represented that the prices stated reflected the fair value of the products, that plaintiff needed the products, and that the products were being delivered. In fact, plaintiff asserts, the markup on the products was 900%, the amount of products ordered was many times more than plaintiff's needs, and most of the products were never delivered. The first two of these assertions have no legal significance absent evidence that plaintiff's reliance on the invoices for purposes of ascertaining its office supplies requirements and the fair value thereof was justified (see Peach Parking Corp. v 346 W. 40th St., LLC, 42 AD3d 82, 87 [2007]). Certainly, plaintiff was in a better position than defendants to know its requirements, and plaintiff could easily have ascertained if it was being overcharged by seeking out other vendors. In any event, there is nothing about the invoices, and there is no other evidence, that tends to show that any representations were made, either in the invoices themselves or by defendants to the employee, concerning the value of the goods sold or plaintiff's requirements. Furthermore, it was reasonable for defendants to believe that the employee was authorized to place the orders where numerous invoices had been paid by plaintiff on a regular basis without complaint. The claim that most of the supplies were never delivered is also legally insignificant where plaintiff does not dispute that its employee requested that delivery be deferred.

Plaintiff's other claim of unjust enrichment also lacks merit. The equities do not favor plaintiff absent evidence that defendants knew of the employee's misconduct or conspired with her to defraud plaintiff into buying overpriced, unneeded supplies, and given plaintiff's complete lack of oversight of its employee and failure to take even minimal steps to monitor its expenses (see Sharp v Kosmalski, 40 NY2d 119, 123 [1976]; cf. Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 388-389 [1987]). Concur—Saxe, J.P., Gonzalez, Catterson and Acosta, JJ.