■ JONATHAN GLYNN, Appellant-Respondent, v 177 WEST 26TH REALTY LLC, Respondent-Appellant, et al., Defendant. [958 NYS2d 382]—

Order and judgment (one paper), Supreme Court, New York County (Eileen A. Rakower, J.), entered October 12, 2011, to the extent appealed from as limited by the briefs, awarding defendant 177 West 26th St. Realty Corp. possession of eight loft units at the subject building, and denying defendant's motion for summary judgment to the extent it sought possession of Unit 501 and sought to dismiss the causes of action for breach of warranty of habitability as to Unit 501 and for restitution, unanimously modified, on the law, to dismiss the causes of action for breach of warranty of habitability as to Unit 501 and for restitution, and to grant possession of Unit 501 to defendant, and otherwise affirmed, without costs. Order, same court and Justice, entered September 8, 2011, which granted plaintiff

leave to amend the complaint to add a cause of action for constructive trust, unanimously reversed, on the law, without costs, and the motion denied.

Defendant established its entitlement to an ejectment and to the dismissal of the breach of warranty of habitability claim through affidavits, leases, and notices terminating the tenancies. Plaintiff failed to raise a triable issue of fact as to Unit 501.

The cause of action for restitution for the improvements plaintiff made to the units must be dismissed because the leases, which contain merger clauses, provide that any improvements to the units will become the landlord's property (*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 388 [1987]).

Plaintiff's motion for leave to amend the complaint to add a cause of action for constructive trust must be denied because plaintiff failed to show that the parties' business transaction gave rise to a confidential or fiduciary relationship between them (*see Sharp v Kosmalski*, 40 NY2d 119, 121 [1976]). The decision and order of this Court entered herein on October 18, 2012 (99 AD3d 579 [2012]) is hereby recalled and vacated (*see* 2013 NY Slip Op 62502[U] [2013] [decided simultaneously herewith]). Concur—Friedman, J.P., Moskowitz, Freedman, Richter and Abdus-Salaam, JJ. **[Prior Case History: 2011 NY Slip Op 32199(U).]**