AE RAN KANG, Respondent, v HYUNG KOOK KIM, Appellant, et al., Defendants. [995 NYS2d 2]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered on or about January 10, 2014, which, insofar as appealed from, denied the motion of defendant Hyung Kook Kim to dismiss the complaint, unanimously affirmed, without costs.

The subject action is not a matrimonial action and is thus not barred by the parties' matrimonial action in South Korea. Nor is there a conflict of laws presented.

Supreme Court properly exercised its discretion in finding that New York was a proper forum and determined that defendant failed to meet his burden to dismiss the action on inconvenient forum grounds (*see Islamic Republic of Iran v Pahlavi*, 62 NY2d 474, 479 [1984], *cert denied* 469 US 1108 [1985]). The court considered the appropriate factors including that the dispute concerns real property in New York and the actions and transactions that gave rise to the claim occurred in New York, the mortgage payments on the properties and rent collected from the properties go to a New York bank, there is no alternative forum in which to litigate this claim because South Korea does not recognize constructive trusts, and defendant has demonstrated his availability to this forum by his prior business activities here (*see Aon Risk Servs. v Cusack*, 102 AD3d 461, 463 [1st Dept 2013]).

Plaintiff has stated a cause of action for constructive trust (*see Sharp v Kosmalski*, 40 NY2d 119, 121 [1976]). She alleged that the parties shared a confidential relationship by virtue of their de facto marriage, which is legally recognized in Korea, that defendant promised to buy the subject properties as marital property for the parties' benefit, that, in reliance on that promise, she transferred her share of jointly held bank accounts to purchase and manage the properties and made deposits into the joint account, and that defendant was unjustly enriched because he holds sole title to the properties.

There is no basis to cancel the notices of pendency which were appropriately filed (*see* CPLR 6501; *Don v Singer*, 73 AD3d 583 [1st Dept 2010]). Concur—Mazzarelli, J.P., Acosta, DeGrasse and Manzanet-Daniels, JJ.