Morgan v Kilroy (2020 NY Slip Op 01537)





Morgan v Kilroy


2020 NY Slip Op 01537


Decided on March 5, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 5, 2020

528106

[*1]Whitney Morgan, Plaintiff, and Marsha Morgan, Individually and as Executor of the Estate of Stephen Morgan, Deceased, Appellant,
v
Shane Kilroy et al., Respondents, et al., Defendants.

Calendar Date: January 15, 2020

Before: Lynch, J.P., Clark, Devine, Pritzker and Colangelo, JJ.


Briggs Norfolk LLP, Lake Placid (Michael J. Hutter of Powers & Santola, LLP, Albany, of counsel), for appellant.
Bartlett, Pontiff, Stewart & Rhodes, PC, Glens Falls (Malcolm B. O'Hara of counsel), for respondents.



Lynch, J.P.
Appeal from an order of the Supreme Court (Ellis, J.), entered November 8, 2018 in Franklin County, upon a decision of the court partially in favor of defendants.
In July 2010, plaintiff Marsha Morgan (hereinafter plaintiff) and her husband, Stephen Morgan (hereinafter decedent), conveyed certain real property commonly referred to as Camp Morgan to their daughter, defendant Erin Morgan Kilroy (hereinafter Morgan Kilroy), and her husband, defendant Shane Kilroy (hereinafter Kilroy) (hereinafter collectively referred to as defendants). The property is located along the Saranac River in the Town of Harrietstown, Franklin County. The deed transfer was made for the nominal consideration of $1, without restriction. In 2015, plaintiff and decedent commenced this action against defendants seeking to impose a constructive trust and a return of deed title to Camp Morgan.[FN1] In their complaint, plaintiff and decedent maintained that the 2010 deed transfer was conditioned on them reserving a life estate in Camp Morgan, with the further restriction that defendants could not transfer the property outside the family. Issue was joined and, following a bench trial in March 2017, Supreme Court dismissed the constructive trust claim, as well as defendants' counterclaims. Plaintiff appeals.[FN2]
We affirm. "In general, though as an equitable doctrine its application to particular circumstances is susceptible of some flexibility, to establish a constructive trust there must be provided: (1) a confidential or fiduciary relation, (2) a promise, express or implied, (3) a transfer made in reliance on that promise, and (4) unjust enrichment" (Bankers Sec. Life Ins. Socy. v Shakerdge, 49 NY2d 939, 940 [1980], citing Simonds v Simonds, 45 NY2d 233, 241-242 [1978]; see Sharp v Kosmalski, 40 NY2d 119, 121 [1976]). In applying these factors, the Court of Appeals observed that "the constructive trust doctrine serves as a fraud-rectifying remedy rather than an intent enforcing one" (Bankers Sec. Life Ins. Socy. v Shakerdge, 49 NY2d at 940 [internal quotation marks and citation omitted]). Reflecting the flexibility of the doctrine, the Court of Appeals has also explained that "unjust enrichment . . . does not require the performance of any wrongful act by the one enriched" (Simonds v Simonds, 45 NY2d at 242).
The record shows that the Camp Morgan property and the surrounding area was acquired by plaintiff's grandfather in the 1940s. Plaintiff and decedent obtained deed title to Camp Morgan from plaintiff's father in 1982, and the surrounding property is held by various family members. Camp Morgan is improved by both a main residence and a separate cabin. In terms of the general factors, there is no dispute that a confidential relationship exists between the parties and that a transfer of property was made. The pivotal question is whether that transfer was made in reliance on an unfulfilled promise.
Defendants testified that no express promises were made as to plaintiff's continued use of the property, and no restrictions were imposed limiting the sale of the property. According to defendants, plaintiff and decedent offered to give them the property in 2009. In response, Kilroy testified that they sold their own camp as a source of funds to renovate the main camp, which they planned to winterize and maintain as their residence. Before receiving deed title, defendants made various improvements by putting in an access road and installing a well and septic system — documenting a total cost of about $35,000. Since taking deed title, defendants have paid property taxes through March 2018 of $23,942 and maintained insurance on the property. For her part, plaintiff acknowledged that she and decedent offered to give Camp Morgan to defendants to assist them financially and that defendants could replace the main camp to build a new one. She explained that Morgan Kilroy assured her nothing would change as to the camp usage. In fact, plaintiff continued to use the small cabin until the separate business dispute arose in 2012. Plaintiff also testified that she brought up the issue of reserving a life estate with Kilroy on the day of the closing. Feeling that she had insulted him when he responded, "What, don't you trust me," she opted not to pursue the restriction. Kilroy testified that no such conversation took place.
We defer to Supreme Court's credibility assessment accepting defendants' testimony that no conditions were imposed or express promises made to restrict their title. Plaintiff's testimony was inconsistent as to where the closing day conversation with Kilroy occurred, and it is difficult to reconcile plaintiff's claim that she and decedent reserved a life estate in Camp Morgan with her trial testimony limiting that reservation to the small cabin. Although plaintiff did utilize the small cabin, defendants maintained that such use was permissive. It also bears emphasis that decedent's will specified that no bequest was being made to Morgan Kilroy because she had "received her share of assets during [decedent's] lifetime." Plaintiff confirmed that the only asset that Morgan Kilroy had received was Camp Morgan. Plaintiff also acknowledged that she and decedent benefited from defendants taking over the tax payments.
A promise may also be implied based on the circumstances (see Sharp v Kosmalski, 40 NY2d at 122; Moak v Raynor, 28 AD3d 900, 902 [2006]). Essentially, plaintiff maintains that the implied promise arises out of the historical use of the property by family members for three generations, with the surrounding properties creating a family compound. Pointing to the fact that plaintiff knew that defendants were making substantial improvements to the property and yet still failed to raise any issue about reserving a life estate or otherwise restricting title, Supreme Court concluded that no implied promises were made. The court also found no evidence of fraud on the part of defendants. Nor do we perceive any. Ultimately, the court concluded that allowing defendants to retain unrestricted title to Camp Morgan would not amount to unjust enrichment. According due deference to the court's factual findings and credibility determinations, upon our independent review, we conclude that the court's determination is supported by the record (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]).
Clark, Devine, Pritzker and Colangelo, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: The complaint also included a separate claim by plaintiff's and decedent's daughter, plaintiff Whitney Morgan, against defendants involving a separate business dispute. That claim was settled after opening statements, leaving only the constructive trust claim to be resolved at trial.

Footnote 2: Decedent passed away in January 2018 and plaintiff was appointed as executor of his estate. She filed the notice of appeal individually and in her capacity as executor.